UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SAMUEL M. ROBERTS,

                Plaintiff,

    -vs-

LOS ALAMOS NATIONAL SECURITY, LLC and
HANS W. HERRMANN, Ph.D.,

                Defendants.

**NOTICE OF REMOVAL**

**Civil Action No.**

_____

---

**TO PLAINTIFF SAMUEL M. ROBERTS:**

    **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. Sections 1332, 1441(a) and 1446,

Defendant, Los Alamos National Security, LLC ("Los Alamos or Defendant"), by its attorneys,

Woods Oviatt Gilman LLP, hereby files this notice of removal with the United States District

Court for the Western District of New York and, in support of such removal, respectfully states

as follows:

    1.      On or about March 7, 2011, the above-named Plaintiff commenced an action in

Supreme Court of the State of New York, County of Monroe, called *Samuel M. Roberts vs. Los

Alamos National Security, LLC and Hans W. Herrmann, Ph.D.* and bearing index no. 11-2706

(State Court action).

    2.      Los Alamos was not properly served with the summons and complaint, but its

attorneys, Woods Oviatt Gilman LLP, acknowledged receipt of the complaint on behalf of Los

Alamos on (date) 04/11/11. A copy of the summons, complaint and acknowledgment of service

is attached hereto as Exhibit "A". A review of the Monroe County Clerk's office file reveals that

{1239642:}

the summons and complaint are the only documents that have been filed in the State Court

action.  An index of documents on file with the Monroe County Clerk's office in the State action

is attached hereto as Exhibit "B".

     3.     Plaintiff has not served process on the second named Defendant, Hans W.

Herrmann, Ph.D.

     4.     The complaint purports to allege a single cause of action for negligence.

     5.     This notice of removal removes the State Court action to this Court.

     6.     This notice of removal is timely filed under 28 U.S.C. Section 1446(b) in that it is

filed within 30 days of the attempted service of process by the Plaintiff of the initial pleadings on

March 29, 2011 purporting to set forth the claims for relief on which this action is based.

### Removal Based on Diversity

     7.     The basis for removal is 28 U.S.C. Section 1441(a).  This Court has originally

diversity jurisdiction over this action under 28 U.S.C. Section 1332 because diversity of

citizenship exists and because the amount in controversy exceeds $75,000.00 exclusive of

interest and costs.

### Diversity of Citizenship

     8.     There is diversity of citizenship between Plaintiff and Defendant, Los Alamos,

and between both Plaintiff and Los Alamos and Doctor Herrmann.

     9.     As set forth in the complaint, Plaintiff, Samuel M. Roberts, is a citizen of the

State of New York and the City of Rochester (Exhibit "A" – complaint paragraph 1).  The

Defendant, Los Alamos, is a limited liability company organized under the laws of the State of

Delaware.

     10.     Dr. Hans Herrmann is a citizen of the State of New Mexico.

### Amount in Controversy

11.     Exclusive of interest and costs, the amount in controversy exceeds the sum of $75,000.00.

12.     In Paragraph 18 of the complaint Plaintiff demands in his *ad damnum* clause $15,000,000.00.

13.     As established above, the Court's jurisdictional minimum in amount in controversy in excess of $75,000.00 was satisfied at the time of the commencement of this action and remains satisfied.

### Venue

14.     The Western District of New York is the district and division embracing the place where the State Court action is pending.  Venue in the Western District of New York is appropriate because all of the events giving rise to the claim occurred in this judicial district.  28 U.S.C. Section 1391(a)(2).

### Notice to State Court and to Plaintiff

15.     Written notice of the filing of this notice of removal will be promptly given to Plaintiff after filing notice of removal.  Written notice of this notice of removal and a copy thereof will be filed with the Supreme Court of the State of New York, County of Monroe, as provided by 28 U.S.C. Section 1446(d).

**WHEREFORE,** Defendant, Los Alamos National Security, LLC, respectfully requests that the action now pending in the Supreme Court of the State of New York, Monroe County, bearing index no. 11-2706 and entitled *Samuel M. Roberts vs. Los Alamos National Security, LLC and Hans W. Herrmann, Ph.D.,* be removed to this Court.

Dated:  April 18, 2011

Respectfully submitted,

WOODS OVIATT GILMAN LLP

By: _____
Beryl Nusbaum, Esq.
*Attorneys for Defendant, Los Alamos*
*National Security, LLC*
700 Crossroads Building
Two State Street
Rochester, New York 14614
585.987.2800

TO:    LOUIS J. MICCA, ESQ.
*Attorney for Plaintiff*
11 State Street
Pittsford, New York 14534
585.899.6031

{1239642:}

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

---

SAMUEL M. ROBERTS,

**SUMMONS**

Plaintiffs designate
Monroe County as the
place of trial.

                                    Plaintiff,

        -vs -

The basis of the venue is
Plaintiff's place of residence

LOS ALAMOS NATIONAL SECURITY, LLC.,
and HANS W. HERRMANN, PhD.,

**Index No.**

                                    Defendants.

---

To the above named Defendants:

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to
serve a copy of your Answer, or, if the Compliant is not served with this Summons, to
serve a notice of appearance, on the Plaintiff's attorney within twenty (20) days after the
service of this Summons, exclusive of the day of service (or within 30 days after the
service is complete if this Summons is not personally delivered to you within the State of
New York); and in case of your failure to appear or answer, judgment will be taken
against you by default for the relief demanded herein

Dated·March  7 , 2011
        Rochester, New York

Louis J. Micca, Esq
Attorney for Plaintiff
11 State Street
Pittsford, New York 14534
Telephone:  (585) 899-6031


TO:    Los Alamos National Security, LLC
       Hans W  Herrmann, PhD.



LEGAL COUNSEL

L1101362

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

---

SAMUEL M ROBERTS,

                            Plaintiff,

-vs -

LOS ALAMOS NATIONAL SECURITY, LLC ,
and HANS W HERRMANN, PhD ,

                           Defendants

**COMPLAINT**

**Index No.**
11-2706

MONROE COUNTY CLERK  2011 MAR -7  PM 3: 16  RECEIVED

---

The Plaintiff, by and through his attorney, Louis J  Micca, Esq , for his Complaint against above-named Defendants, alleges as follows

### PARTIES

1     At all relevant times, Samuel M. Roberts (hereinafter "Roberts") was and is and individual, currently residing in the city of Rochester, State of New York

2.     At all relevant times, and upon information and belief, the Defendant, Los Alamos National Security, LLC., (hereinafter "Los Alamos") was and is a limited liability company maintaining an office at 3747 West Jemez Road, Los Alamos, NM 87544

3     At all relevant times, and upon information and belief, the Defendant, Hans W  Herrmann, PhD , (hereinafter "Dr  Herrmann") was an employee of the defendant Los Alamos   Upon further information and belief, Dr  Herrmann currently maintains a professional address at 3900 Paseo Del Sol, Santa Fe, New Mexico, 87507

4     At all relevant times, and upon information and belief, the University of Rochester owned and operated the OMEGA laser as part of its Laboratory for Laser

**RECEIVED** Kc

MAR 2 9 2011

Laboratory Counsel

Energetics located at 250 E. River Road, Rochester, New York 14623 (hereinafter "U of R")

5    At all relevant times, Roberts was an employee of the U of R assigned to work in the Laboratory for Laser Energetics as a technician

6    On August 6, 2008, the OMEGA laser was in use as part of an experiment known as "DT Ratio". The Defendant, Dr Herrmann, was a Principal Investigator of the DT Ratio experiment conducted on August 6, 2008.

7    Upon information and belief, Dr Herrmann was the senior representative of Los Alamos present during the DT Ratio experiment

8    Upon information and belief, Principal Investigators of experiments conducted within the Laboratory for Laser Energetics are responsible for ensuring the safe working environment for workers at the Laboratory for Laser Energetics including but not limited to the safety of the equipment present in the facility

9.   On August 6, 2008, during the DT Ratio experiment, an instrument called the High Yield Neutron Temporal Diagnostic, (otherwise known as the "Light Pipe") was being operated under pressure

10.   On that date, Roberts entered the target bay of the OMEGA laser for the purpose of adjusting the pressure during the experiment. While Roberts was working below the Light Pipe, the Light Pipe and its support structure used in the experiment became detached from the underside of the personnel platform structure where it was mounted and fell. The Light Pipe and its structure struck Roberts on his head and face causing him serious personal injury

2

11    At the relevant time, the Light Pipe and its support structure was secured to the underside of the personnel platform by three stainless steel 1/4 – 20 bolts

12.    The mounting plate for the Light Pipe and its support structure was designed with at least five holes for mounting the structure to the underside of the personnel platform.

### AS AND FOR PLAINTIFF'S CAUSE OF ACTION AGAINST THE DEFENDANTS, PLAINTIFF ALLEGES AS FOLLOWS:

13    Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "12" above as if set forth herein at length

14.    Defendant Dr Herrmann as an employee of the Defendant Los Alamos was a Principal Investigator for the DT Ratio experiment conducted at the Laboratory for Laser Energetics on August 6, 2008

15.    Defendants, Dr Herrmann and Los Alamos owed a duty to Roberts to ensure a safe working environment at the Laboratory for Laser Energetics during the DT Ratio experiment conducted on August 6, 2008

16.    Defendants, Dr. Herrmann and Los Alamos breached their duty to ensure a safe working environment on August 6, 2008 by failing to take reasonable precautions that the Light Pipe and its support structure was properly secured to the personnel platform above the area where Roberts was working during the DT Ratio experiment

17    The Defendants' actions and/or inactions constitute negligence

18.    As a result of the Defendants' negligence, Roberts sustained serious personal injury including but not limited to a fracture of his spine rendering him a quadriplegic, loss of an eye, fractures of multiple facial bones, disfiguring facial scarring,

and severe pain and suffering that continues for the remainder of Robert's life without any negligence on the part of the Plaintiff contributing thereto

19    As a further result of Defendants' negligence, Plaintiff has been damaged by reason of the uncovered cost of lost wages and decreased earning potential for the remainder of his life as well as the uncovered cost of medical care and treatment and assistance with activities of daily living now required by reason of his injuries

20    By reason of the foregoing, Plaintiff has been damaged in an amount of up to $15,000,000.00

WHEREFORE, the Plaintiff demands judgment against the Defendants herein for damages sustained under the cause of action set forth above and in the amount of up to $15,000,000 00 or such other amount as a jury shall find to be fair, reasonable, adequate and just based upon the damages and pain and suffering sustained by the Plaintiff herein; together with the costs and disbursements of this action and for such other and further relief as to this Court may seem just and proper

DATED    March __7__, 2011
         Rochester, New York

                                   _____
                                   LOUIS J  MICCA, ESQ
                                   Attorney for Plaintiff
                                   11 State Street
                                   Pittsford, New York 14534
                                   Telephone  (585) 899-6031

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

---

SAMUEL M. ROBERTS,

                            Plaintiff,

**ACKNOWLEDGMENT
OF SERVICE**

    -vs.-

**Index No. 11-2706**

LOS ALAMOS NATIONAL SECURITY, LLC.,
and HANS W. HERRMANN, PhD.,

                          Defendants.

---

      I received a Summons and Complaint dated March 7, 2011, in the above-captioned matter at 700 Crossroads Building, 2 State Street, Rochester, New York on April ___, 2011. I am an attorney in the firm of Woods, Oviatt, Gilman, LLP, attorneys for Los Alamos National Security, LLC., in the above-captioned matter and have been authorized by said Defendant to accept service of the Summons and Complaint in this action in the same manner as if the Summons and Complaint were personally served upon Los Alamos National Security, LLC. I acknowledge that the date of the commencement of this action relates back to March 7, 2011, the date of the filing of the original Complaint. I am not in the military service.

Dated:      April _11_, 2011
             Rochester, New York

    I affirm the above as true under penalty of perjury.

                                         _Beryl Nusbaum_
                                 BERYL NUSBAUM, ESQUIRE

# EXHIBIT B

{920639:}

## Document Index Detail

Print  

Close

### General Information

| | |
|---|---|
| Control No: 201103070655 | Book: CIVIL |
| Book No: | Page No: |
| Filing Date: 3/7/2011 | Filing Time: 3:15:10 PM |
| Instrument Type: INDEX NUMBER APPLICATION | Amount: $0.00 |
| Reference No: I2011002706 | Reference 2: |
| County: | Court: |
| Perfected Date: 3/7/2011 | Comments: |
| Secured: NO | |
| # of Pages: Image Not Available | |

**Plaintiff**

ROBERTS, SAMUEL M

**Defendant**

LOS ALAMOS NATIONAL SECURITY LLC

HERRMANN, HANS W

### Supplemental Document Information

| Date | Notation | Index Detail | View Image |
|---|---|---|---|
| 3/7/2011 | | Currently Viewing | |
| 3/8/2011 | CIVIL, COMPLAINT | N/A | N/A |

Close