UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SAMUEL M. ROBERTS,

                  Plaintiff,

    -vs-

LOS ALAMOS NATIONAL SECURITY, LLC,       **THIRD-PARTY**
AWE, PLC and                              **COMPLAINT**
MASSACHUSETTS INSTITUTE OF TECHNOLOGY,

                Defendants.
-----------------------------------------------------------------

                                          **Civil Case No.:  11-cv-6206(L)**

LOS ALAMOS NATIONAL SECURITY, LLC,

                Third-Party Plaintiff,

    -vs-

UNIVERSITY OF ROCHESTER,

                Third-Party Defendant.
_____

       Third-Party Plaintiff, Los Alamos National Security, LLC (hereinafter "Los Alamos"), by

its attorneys, Woods Oviatt Gilman LLP, as and for its third-party complaint against Third-Party

Defendant, University of Rochester, respectfully shows to the Court and alleges as follows:

## <u>INTRODUCTION</u>

       1.     That this case involves a claim by Plaintiff, Samuel M. Roberts (hereinafter

"Roberts"), asserting serious injuries claimed to have occurred because of negligence on the part

of Los Alamos while working at the University of Rochester Laboratory for Laser Energetics on

or about August 6, 2008.  Plaintiff, who was an employee of the University of Rochester

Laboratory for Laser Energetics, alleges that the environment in which he was working was

unsafe and that Los Alamos had responsibility for providing him with a safe working environment.

2.     That on or about March 7, 2011, Samuel M. Roberts (Plaintiff) instituted an action against Los Alamos by filing a complaint in the Supreme Court of the State of New York for the County of Monroe, a copy of which is annexed hereto as part of Exhibit "A".

3.     That on or about April 11, 2011, Woods Oviatt Gilman LLP acknowledged receipt of service of the complaint on behalf of Los Alamos and thereafter on April 18, 2011 filed a notice of removal removing the action to the Federal District Court for the Western District of New York, a copy of which is annexed hereto as part of Exhibit "A".

4.     That on or about May 11, 2011, Los Alamos filed its answer with affirmative defenses, a copy of which is annexed hereto as part of Exhibit "A".

5.     That on or about July 26, 2011, Plaintiff filed an amended complaint in the Federal District Court for the Western District of New York, a copy of which is annexed hereto as part of Exhibit "B".

6.     That on or about July 31, 2011, Los Alamos filed its answer with affirmative defenses and cross-claims to the amended complaint, a copy of which is annexed hereto as part of Exhibit "B".

7.     That this third-party action has been brought because, in the alternative, if the resolution of this pending litigation results in any determination of liability on the part of Los Alamos, in whole or in part, then Los Alamos is entitled to indemnification and/or contribution from Third-Party Defendant, the University of Rochester, as set forth herein.

**THE PARTIES**

8.     That, on information and belief, Plaintiff, Samuel M. Roberts, is a resident of the County of Monroe who was employed for a substantial period of time prior to the occurrence of

the accident alleged in the amended complaint by the Third-Party Defendant, the University of Rochester.

9.      That Defendant and Third-Party Plaintiff Los Alamos National Security, LLC was and is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Los Alamos, New Mexico.

10.     That, on information and belief, Defendant, AWE, PLC is a foreign corporation registered in the United Kingdom, with an office and principal place of business in Aldermaston, Reading, Berkshire RG7 4PR, United Kingdom.

11.     That, on information and belief, Defendant, Massachusetts Institute of Technology, is an education institution organized under the laws of Massachusetts, with its principal place of business in Cambridge, Massachusetts.

12.     That, on information and belief, Third-Party Defendant the University of Rochester is a New York educational corporation, with its principal place of operation in Rochester, New York, which operation, among other things, involves the ownership and operation of the Laboratory for Laser Energetics at 250 East River Road, Rochester, New York, at which various tests and experiments are conducted in an effort, among other things, to test for and study methodology for producing energy through fusion.

### AS AND FOR A FIRST CAUSE OF ACTION, THIRD-PARTY PLAINTIFF,  LOS ALAMOS NATIONAL SECURITY, LLC, ALLEGES:

13.     That Third-Party Plaintiff repeats and re-alleges paragraphs "1" through "12" set forth above as if fully set forth herein.

14.     That, on information and belief, on or about August 6, 2008, Plaintiff suffered what is asserted to be a grave injury because he has become a quadriplegic while he was engaged in adjusting the pressure on a piece of diagnostic equipment known as the "Light Pipe" owned,

designed, assembled, installed, operated and maintained by the University of Rochester and utilized as a diagnostic for measuring the results of certain experiments conducted in a laboratory space identified as the Target Bay owned, operated and maintained by the University's Laboratory for Laser Energetics.

15.    That, on information and belief, Plaintiff had been instructed by the University of Rochester Principal Investigator, Vladimir Glebov, to adjust the pressure on the University of Rochester's diagnostic known as the Light Pipe in preparation for experimental measurements using the Light Pipe which were under the control of Doctor Glebov.

16.    That, on information and belief, there was an explosion in the diagnostic which resulted in the separation of certain metallic parts which were attached to the diagnostic and were being used to support it, as a result of which Plaintiff suffered his injuries.

17.    That the Light Pipe was located in an area of the Laboratory for Laser Energetics known as the Target Bay.

18.    That the use, maintenance, repair and operation of the Target Bay was under the control of the University of Rochester.

19.    That the design, maintenance, installation and utilization of the Light Pipe which Plaintiff had been asked to adjust was solely under the control of the University of Rochester and that non-University employees, including those employed by Los Alamos, were not involved in any way in the design, maintenance, assembly or manufacture of the diagnostic nor were they allowed to alter or adjust it in any way.

20.    That, on information and belief, the Light Pipe diagnostic designed and maintained by the University of Rochester was defective in that it was not designed to be operated under pressure but was operated under pressure and had no pressure relief valve, that it had a deficient regulator, that it was assembled and connected to a mounting plate which

contained holes for one-half inch screws but was installed not in compliance with its design to be connected to its support by five half-inch screws and was, in fact, connected only by three quarter-inch screws.  That, in addition, Plaintiff had not been trained and was not qualified to make adjustments to the Light Pipe and should never have been directed by the University of Rochester's Principal Investigator to make those adjustments.  That, at Doctor Glebov's direction, the Plaintiff was making these adjustments between experiments in order to prepare for the next experiment to take place.

21.     That had the Light Pipe been properly designed, assembled and maintained, had a pressure relief valve been installed on it, had the Light Pipe been properly installed and used, and had the Plaintiff been properly trained to adjust the pressure on the Light Pipe, Plaintiff's injuries and damages would not have occurred.

22.     That, if Plaintiff sustained damages as alleged in the complaint and a judgment is obtained against Los Alamos, such judgment will be the result of the culpability and fault on the part of the University of Rochester and Los Alamos will be entitled to contribution or indemnification for such part of the judgment recovered by the Plaintiff as resulted from the foregoing and the University of Rochester will be liable to Los Alamos for any such amount.

**AS AND FOR A SECOND CAUSE OF ACTION, THIRD-PARTY PLAINTIFF, LOS ALAMOS NATIONAL SECURITY, LLC, ALLEGES:**

23.     That Third-Party Plaintiff repeats and re-alleges paragraphs "1" through "22" set forth above as if fully set forth herein.

24.     That Los Alamos entered into a contractual relationship with the University of Rochester for purposes of allowing Los Alamos access to utilize the Laboratory for Laser Energetics for specific scientific testing.

25.     That, in response to a request for proposals by the University of Rochester, Los Alamos submitted proposals to the University of Rochester which were accepted.

26.     That the acceptance of the proposals required compliance with the rules and regulations set forth by the University of Rochester in the Laser Facility Organization and Regulation Manual and related documents which included the terms, conditions and responsibility for safe practices in the laser facility.

27.     That in agreeing to utilize the University of Rochester's Laboratory for Laser Energetics, Los Alamos relied upon the express terms of its contractual relationship with the University of Rochester including the fact that the manuals and related documents issued by the University of Rochester identified that the responsibility for safety in the Target Bay, and otherwise in the Laboratory for Laser Energetics, was that of the University of Rochester.

28.     That Los Alamos fully complied with all of the conditions and terms of the contractual relationship with the University of Rochester, including the University's imposed restrictions on access to the Target Bay.

29.     That the University of Rochester breached its contractual duties by failing to ensure compliance with the safety protocols it promulgated for the facility.

30.     That the failure of the University of Rochester to comply with its express safety protocols, which were an fundamental component of its contractual relationship with Los Alamos, resulted in the happening of the serious accident which is the subject matter of Plaintiff's amended complaint.

31.     That, as a result of the University of Rochester's breach of its contractual duties to Los Alamos, Los Alamos has suffered significant damages, including the costs and expenses of defending against Plaintiff's amended complaint herein and any potential liability to Los Alamos from the claims in Plaintiff's amended complaint.

32.     That if Third-Party Defendant, the University of Rochester, had not breached its contractual obligations to Los Alamos, but had, instead, operated in accordance with its express safety obligations, the accident and resulting damages would not have occurred.

33.     That if Plaintiff sustained damages as alleged in Plaintiff's amended complaint and a judgment is obtained against Los Alamos, such judgment will be the result of the University of Rochester's breach of its contract with Los Alamos, and Los Alamos will be entitled to contribution or indemnification for such part of any judgment recovered by the Plaintiff as resulted from such breach of contract and the University of Rochester will be liable to Los Alamos for any such amount.

**WHEREFORE,** Third-Party Plaintiff, Los Alamos, respectfully requests that, in the event any verdict or judgment is rendered against Los Alamos, it have judgment against Third-Party Defendant, the University of Rochester, for indemnification, contribution, and breach of contract in the amount equivalent to any award made in favor of Plaintiff in this action against Los Alamos, if any, together with reimbursement for all expenses, including attorneys' fees, costs and disbursements incurred in defending the action, together with such other and further relief as to the Court may seem just and proper.

DATED:        August 1, 2011
              Rochester, New York

WOODS OVIATT GILMAN LLP

By:    /s/: Beryl Nusbaum
       Beryl Nusbaum, Esq.
       Greta K. Kolcon, Esq.
       *Attorneys for Defendant,*
         *Los Alamos National Security, LLC*
       700 Crossroads Building
       Two State Street
       Rochester, New York 14614
       585.987.2800
       bnusbaum@woodsoviatt.com
       gkolcon@woodsoviatt.com

TO:    LOUIS J. MICCA, ESQ.
       *Attorney for Plaintiff*
       11 State Street
       Pittsford, New York 14534
       585.899.6031
       lmicca@msn.com

## CERTIFICATE OF SERVICE

I, BERYL NUSBAUM, ESQ., attorney of record for Defendant and Third-Party Plaintiff, Los Alamos National Security, LLC, in the above-styled and referenced matter, do hereby certify that on August 1, 2011, I caused to be electronically filed a Third-Party Complaint with attached Exhibits "A" and "B", using the CM/ECF system which served on and sent notification of such filing to the following:

> Louis J. Micca, Esq.
> 11 State Street
> Pittsford, New York 14534
> lmicca@msn.com

THIS, the 1st day of August, 2011.

WOODS OVIATT GILMAN LLP

By:   /s/: Beryl Nusbaum
      Beryl Nusbaum, Esquire
      *Attorneys for Defendant and Third-Party*
        *Plaintiff, Los Alamos National Security*
      700 Crossroads Building
      2 State Street
      Rochester, New York 14614
      585.987.2800
      bnusbaum@woodsoviatt.com

{1275500:}