UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SAMUEL M. ROBERTS,

                Plaintiff,

    -vs-                                      11-cv-6206(L)

LOS ALAMOS NATIONAL SECURITY, LLC,
AWE, PLC, and MASSACHUSETTS INSTITUTE
OF TECHNOLOGY,

                Defendants.
_____

# **ANSWER TO AMENDED COMPLAINT**

Defendant, Massachusetts Institute of Technology ("MIT"), answering plaintiff's amended complaint, alleges upon information and belief as follows:

1.      Admits the allegations in paragraphs 7 and 9 of plaintiff's amended complaint.

2.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraphs 1-6, 10, 13, and 15-24 of plaintiff's amended complaint.

3.      Denies the allegations in paragraphs 14 and 25-31 of plaintiff's amended complaint.

4.      In response to the allegations in paragraph 8 of plaintiff's amended complaint, defendant MIT admits that Dr. Frenje is an employee of MIT; that he was acting within the scope of his employment at all relevant times; that he was listed as a

principal investigator in connection with the DT Ratio experiment proposed for August 6, 2008; and denies knowledge and information sufficient to form a belief as the truth of the remaining allegations in paragraph 8.

5. In response to the allegations in paragraph 11 of plaintiff's amended complaint, defendant MIT admits that the OMEGA laser facility was proposed for use in connection with a DT Ratio experiment on August 6, 2008, and denies the remaining allegations in paragraph 11.

6. In response to the allegations in paragraph 12 of plaintiff's amended complaint, defendant MIT admits that Dr. Frenje was listed as a principal investigator for the DT Ratio experiment proposed for August 6, 2008; and denies knowledge and information sufficient to form a belief as the truth of the remaining allegations in paragraph 12.

7. In response to the allegations in the second numbered paragraph 24 of plaintiff's amended complaint, defendant MIT repeats and realleges its responses to paragraphs 1-24.

8. Denies each and every allegation in plaintiff's amended complaint not otherwise specifically responded to herein.

**FIRST AFFIRMATIVE DEFENSE**

9. Plaintiff's amended complaint fails to state a claim against defendant MIT.

## SECOND AFFIRMATIVE DEFENSE

10. The damages alleged in plaintiff's amended complaint, if any, were caused in whole or in part by the culpable conduct, including but not limited to, negligence and assumption of risk on the part of the plaintiff.

11. By reason of the foregoing, the amount of damages otherwise recoverable in this action shall be diminished in the proportion that the culpable conduct attributable to the plaintiff bears to the culpable conduct that caused the plaintiff's damages, if any.

## THIRD AFFIRMATIVE DEFENSE

12. The damages alleged in plaintiff's amended complaint, if any, were directly and proximately caused by the intervening and superseding acts and conduct of others over whom defendant MIT had no control, and for which defendant MIT is not liable.

## FOURTH AFFIRMATIVE DEFENSE

13. Jurisdiction over this action is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

14. Accordingly, defendant MIT is entitled to the protections of Article 16 of New York Civil Practice Law and Rules.

## FIFTH AFFIRMATIVE DEFENSE

15.     Jurisdiction over this action is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

16.     Accordingly, any recovery in favor of the plaintiff must be reduced by any collateral source payments, pursuant to Section 4545 of New York Civil Practice Law and Rules.

## SIXTH AFFIRMATIVE DEFENSE

17.     Plaintiff's claim is barred by the applicable statutes of limitations.

## SEVENTH AFFIRMATIVE DEFENSE AND CROSS-CLAIM

18.     Plaintiff's claims are barred, in whole or in part, by the doctrine of charitable immunity, as set forth in Massachusetts General Laws, Chapter 231, Section 85K, and MIT's liability to plaintiff, if any, is limited to twenty-thousand dollars ($20,000.00).

## EIGHTH AFFIRMATIVE DEFENSE AND CROSS-CLAIM

19.     Defendant MIT denies any culpability or fault on its part, but in the event that a judgment is recovered against it, upon information and belief, such judgment shall have been the result of culpability, negligence, want of care, or fault on the part of plaintiff or other named defendants, by reason of which defendant MIT will be entitled to indemnity and/or contribution from all or part of any such judgment recovered by the plaintiff.

**WHEREFORE,** defendant MIT demands judgment as follows:

A.   Dismissing plaintiff's amended complaint against it;

B.   In the event that a judgment is recovered against it, judgment against the remaining defendants, for indemnity and/or contribution for all or part of any such judgment recovered by the plaintiff, in proportion to the relative culpability of the parties; and

C.   Awarding defendant MIT the costs and disbursements of this action.

Dated: October 26, 2011                    s/ David Rothenberg
       Rochester, NY                       David Rothenberg, Esq.
                                           GEIGER and ROTHENBERG, LLP
                                           *Attorneys for Defendant Massachusetts*
                                              *Institute of Technology*
                                           45 Exchange Street, Suite 800
                                           Rochester, New York 14614
                                           Tel:  (585) 232-1946
                                           Fax:  (585) 232-4746
                                           drothenberg@geigroth.com

To:   LOUIS J. MICCA, ESQ.
      *Attorney for Plaintiff*
      11 State Street
      Pittsford, New York 14534
      lmicca@msn.com

      Beryl Nusbaum, Esq.
      WOODS OVIATT GILMAN, LLP
      *Attorneys for Defendant Los Alamos*
         *National Security, LLC.*
      700 Crossroads Building, Two State Street
      Rochester, New York 14614
      bnusbaum@woodsoviatt.com

      Eric J. Ward, Esq.
      WARD GREENBERG HELLER & REIDY LLP
      *Attorneys for University of Rochester*
      300 State Street, 6th Floor
      Rochester, NY 14614

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SAMUEL M. ROBERTS,

                Plaintiff,

                                              11-cv-6206(L)
   -vs-

LOS ALAMOS NATIONAL SECURITY, LLC,
AWE, PLC, and MASSACHUSETTS INSTITUTE
OF TECHNOLOGY,

                Defendants.
_____

# **CERTIFICATE OF SERVICE**

      I hereby certify that on October 26, 2011, I electronically filed the foregoing answer to amended complaint with the Clerk of the District Court using the CM/ECF system, which sent notice to the following:

1.     Louis J. Micca:  lmicca@msn.com

2.     Beryl Nusbaum:  bnusbaum@woodsoviatt.com

3.     Eric J. Ward:  eward@wardgreenberg.com


                                    s/ David Rothenberg
                                    David Rothenberg