UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SAMUEL M. ROBERTS,

                                    Plaintiff,

        -against-

LOS ALAMOS NATIONAL SECURITY, LLC,
AWE, PLC, MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,

                                    Defendants.

11 CV 6206 (L)

**AWE, PLC'S ANSWER TO
AMENDED COMPLAINT
AND CROSS-CLAIM**

Defendant AWE, PLC (hereinafter "AWE"), by its attorneys, Holland & Knight LLP for its Answer to Plaintiff's Amended Complaint herein:

1.      Admits the allegations in Paragraphs "5" and "9".

2.      Denies knowledge or information sufficient to form a belief as to the allegations in Paragraphs "1", "2", "3", "4", "7", "8", "10", "11", "13", "15", "16", "17", "18", "19", "20", "21", "22", "23", and "24".

3.      Admits the allegations in Paragraph "6" that Dr. Horsfield was an employee of the Defendant, AWE, and was acting in the scope of his employment.  Denies the allegations in Paragraph "6" that Dr. Horsfield was acting within the scope of his employment as a Principal Investigator of the DT Ratio experiment being conducted at the University of Rochester on August 6, 2008.

4.      Denies the allegations in Paragraph "12" that Dr. Horsfield was a Principal Investigator of the DT Ratio experiment conducted on August 6, 2008.   Denies the knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph "12".

5.      Denies the allegations in Paragraphs "14" and "25" to "31" of the Amended Complaint.

6.      In response to the allegations in the second numbered Paragraph 24 of the Amended Complaint, defendant AWE repeats and realleges its responses to Paragraphs "1" to "24".

7.      Denies each and every other allegation not heretofore either specifically admitted or denied.

**AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, DEFENDANT AWE, PLC, ALLEGES:**

8.      That the cause of action set forth in Plaintiff's Amended Complaint is barred by the applicable statue of limitations.

**AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, DEFENDANT AWE, PLC, ALLEGES:**

9.      That the injuries and damages alleged in Plaintiff's Amended Complaint were caused or contributed to, in whole or in part, by the assumption of risk by the Plaintiff or by the conduct of others over whom AWE exercised no control.

**AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, DEFENDANT AWE, PLC, ALLEGES:**

10.     That Plaintiff has failed to join necessary parties.

**AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, DEFENDANT AWE, PLC, ALLEGES:**

11.     That whatever damages Plaintiff may have sustained at the time and place alleged in the Amended Complaint were caused, in whole or in part, or contributed to by the culpable conduct of the Plaintiff or the negligence of others over whom AWE exercised no control, without there being any negligence or fault or lack of care on the part of AWE.

#10706256_v1

**AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, DEFENDANT AWE, PLC, ALLEGES:**

12.     That, upon information and belief, the accident and the injuries complained of were caused or contributed to by Plaintiff's misuse of the equipment on which he was working and his failure to follow instructions and take the necessary precautions in connection with the work he was doing on the equipment in question.

**AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, DEFENDANT AWE, PLC, ALLEGES:**

13.     That Plaintiff's Amended Complaint fails to state a cause of action upon which relief may be granted.

**AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, DEFENDANT AWE, PLC, ALLEGES:**

14.     That, upon information and belief, any past or future costs, expenses or damages incurred, or which will be incurred, by the Plaintiff as alleged in the Amended Complaint, have been or will be with reasonable certainty, replaced or indemnified, in whole or in part, from a collateral source, as that term is defined by Section 4545(c) of the New York Civil Practice Law and Rules.

15.     That, by reason thereof, if any damages are recovered against AWE, the amount of any such damages must be diminished by the amount of the reimbursement or indemnification which Plaintiff has or shall receive from such collateral source.

**AS AND FOR A EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, DEFENDANT AWE, PLC, ALLEGES:**

16.     That the Amended Complaint is barred, in whole or in part, or subject to reduction pursuant to the doctrines of superseding and/or intervening causes and/or negligence, insofar as

#10706256_v1

the actions or negligence of other persons or entities proximately caused or contributed to the alleged incident and/or the alleged damages.

## AS AND FOR A CROSS-CLAIM, DEFENDANT, AWE, PLC ALLEGES:

17.     That to the extent that the injury and damages alleged in Plaintiff's Amended Complaint were caused by the Co-Defendants, Los Alamos National Security, LLC ("LANS") and Massachusetts Institute of Technology ("MIT"), Defendant AWE is not liable under the common law of the State of the New York.

18.     That if any judgment for damages, costs or any other recovery is rendered against AWE, then the Co-Defendants, LANS and MIT are responsible, in whole or in part, and Defendant AWE is entitled to indemnity or contribution under the applicable statutes or common law from those Defendants for any such judgment.

**WHEREFORE**, Defendant, AWE, PLC demands judgment as follows:

    a.  Dismissing the Amended Complaint of Plaintiff herein;

    b.  Allocating the liability of the parties to this proceeding proportionate to the relative degree of culpability of Plaintiff, other contributing third-parties and AWE;

    c.  Awarding AWE the costs and disbursements of this action;

    d.  Awarding AWE attorney's fees; and

    e.  Awarding such other and further relief as to the Court may seem just and proper.

#10706256_v1

Dated:  October 31, 2011
       New York, New York

                          HOLLAND & KNIGHT LLP


                          By: /s/ Christine Tramontano
                          Sean C. Sheely, Esq.
                          Christine Tramontano, Esq.
                          *Attorneys for Defendant, AWE, PLC*
                          31 West 52nd Street
                          New York, New York 10019
                          (212) 513-3200
                          sean.sheely@hklaw.com
                          christine.tramontano@hklaw.com

                          Phillip T. Evans, Esq. (*pro hac vice* to be submitted)
                          Harmony Loube, Esq.
                          2099 Pennsylvania Avenue, N.W., Suite 100
                          Washington DC 20006
                          Phone 202-457-7043
                          philip.evans@hklaw.com
                          harmony.loube@hklaw.com

TO:    **VIA ECF**

       Louis J. Micca, Esq.
       *Attorney for Plaintiff*
       11 State Street
       Pittsford, New York 14534
       (585) 899-6031
       lmicca@msn.com

       Beryl Nusbaum, Esq.
       *Attorneys for Defendant Los Alamos National Security, LLC*
       700 Crossroads Building
       Two State Street
       Rochester, New York 14614
       (585) 987-2800
       bnusbaum@woodsoviatt.com

David Rothenberg, Esq.
Geiger and Rothenberg, LLP
*Attorneys for Defendant Massachusetts Institute of Technology*
45 Exchange Street, Suite 800
Rochester, New York 14614
Tel: (585) 232-1946
Fax: (585) 232-4746
drothenberg@geigroth.com

Eric J. Ward, Esq.
Ward Greenberg Heller & Reidy LLP
*Attorneys for University of Rochester*
300 State Street, 6th Floor
Rochester, NY 14614
eward@wardgreenberg.com

### CERTIFICATE OF SERVICE

I, Christine Tramontano, Esq. attorney of record for Defendant, AWE, PLC, in the above-styled and referenced matter, do hereby certify that on October 31, 2011, I caused to be electronically filed the Answer of Defendant AWE, PLC, using the CM/ECF system which served on and sent notification of such filing to the following:

Louis J. Micca, Esq.
*Attorney for Plaintiff*
11 State Street
Pittsford, New York 14534
585.899.6031
lmicca@msn.com

Beryl Nusbaum, Esq.
*Attorneys for Defendant,*
  *Los Alamos National Security, LLC*
700 Crossroads Building
Two State Street
Rochester, New York 14614
585.987.2800
bnusbaum@woodsoviatt.com

David Rothenberg, Esq.
Geiger and Rothenberg, LLP
*Attorneys for Defendant Massachusetts Institute of Technology*
45 Exchange Street, Suite 800
Rochester, New York 14614
Tel: (585) 232-1946
Fax: (585) 232-4746
drothenberg@geigroth.com

Eric J. Ward, Esq.
Ward Greenberg Heller & Reidy LLP
*Attorneys for University of Rochester*
300 State Street, 6th Floor
Rochester, NY 14614

7

#10706256_v1

THIS, the 31st day of October, 2011.

HOLLAND & KNIGHT LLP


By: /s/ Christine Tramontano
Christine Tramontano, Esq.
*Attorneys for Defendant, AWE, PLC*
31 W. 52nd Street
New York, New York 10019
(212) 955-3000
christine.tramontano@hklaw.com

8