UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
————————————————————————

SAMUEL M. ROBERTS,

                    Plaintiff,

    -vs-

LOS ALAMOS NATIONAL SECURITY, LLC,
AWE, PLC, and MASSACHUSETTS INSTITUTE
OF TECHNOLOGY,

                    Defendants,

————————————————————————       **11-cv-6206(L)**

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,

                    Third-Party Plaintiff,

    -vs-

UNIVERSITY OF ROCHESTER,

                    Third-Party Defendant.

————————————————————————

# <u>THIRD-PARTY COMPLAINT</u>

       Third-party plaintiff, Massachusetts Institute of Technology, for its third-party complaint against third-party defendant, University of Rochester, alleges upon information and belief as follows:

## PARTIES

       1.    Third-party plaintiff, Massachusetts Institute of Technology ("MIT"), is named as a defendant in an amended complaint which was filed on July 26, 2011.

2.      Upon information and belief, third-party defendant, University of Rochester ("U/R") is a New York educational corporation with its principal offices in the State of New York, County of Monroe.

3.      The plaintiff in the amended complaint in this action, Samuel M. Roberts ("plaintiff") alleges that he was an employee of the U/R on August 6, 2008, when he was injured at the Laboratory for Laser Energetics.

4.      In his amended complaint, plaintiff alleges that defendant and third-party plaintiff MIT is liable to him because MIT was supposedly "responsible for ensuring the safe working environment for workers at the Laboratory for Laser Energetics". (Amended Complaint, ¶ 14)

5.      In his amended complaint, plaintiff further alleges that third-party defendant U/R owned and operated the OMEGA Laser and associated equipment, as part of the Laboratory for Laser Energetics.

## THIRD-PARTY CLAIM

6.      Upon information and belief, plaintiff sustained a grave injury, as defined by New York Workers Compensation Law, on August 6, 2008.

7.      The premises where plaintiff's injury occurred were owned by and at all relevant times were under the exclusive control of third-party defendant U/R.

8.      The equipment that caused plaintiff's injury was owned by and at all relevant times was under the exclusive control of third-party defendant U/R.

9.     MIT did not own or control either the premises where plaintiff's injury occurred, or the equipment that caused plaintiff's injury.

10.     Third-party defendant U/R was solely responsible for the maintenance and operation of the OMEGA Laser and the equipment that caused plaintiff's injuries on August 6, 2008.

11.     Third-party defendant U/R was solely responsible for safety at the Laboratory for Laser Energetics.

12.     MIT had no responsibility for the operation or maintenance of the OMEGA Laser at the Laboratory for Laser Energetics.

13.     MIT had no responsibility for the safety of employees of the U/R, who were involved in the operation and/or maintenance of the OMEGA Laser at the Laboratory for Laser Energetics.

14.     Third-party defendant U/R was negligent in its maintenance and operation of the OMEGA Laser at the Laboratory for Laser Energetics.

15.     Third-party defendant U/R was negligent in its installation, maintenance, and operation of equipment associated with the OMEGA laser at the Laboratory for Laser Energetics.

16.     The negligence of third-party defendant U/R proximately cause plaintiff's injuries.

17.     The damages sustained by plaintiff, if any, were caused solely by third parties, without any fault or liability on the part of MIT.

18.     In the event that plaintiff establishes liability against defendant and third-party plaintiff MIT in the underlying action, third-party plaintiff will be entitled to contribution and/or indemnity from third-party defendant U/R.

**WHEREFORE,** in the event that a judgment is rendered against defendant and third-party plaintiff MIT, third-party plaintiff demands judgment against third-party defendant U/R, for contribution and/or indemnity, in an amount equal to any judgment in favor of the plaintiff, together with the costs and disbursements of this action.

Dated: November 8, 2011
       Rochester, NY

      s/ David Rothenberg
David Rothenberg, Esq.
GEIGER and ROTHENBERG, LLP
*Attorneys for Defendant Massachusetts*
   *Institute of Technology*
45 Exchange Street, Suite 800
Rochester, New York 14614
Tel:  (585) 232-1946
Fax:  (585) 232-4746
drothenberg@geigroth.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
———————————————————————

SAMUEL M. ROBERTS,

                Plaintiff,

    -vs-

LOS ALAMOS NATIONAL SECURITY, LLC,
AWE, PLC, and MASSACHUSETTS INSTITUTE
OF TECHNOLOGY,

                Defendants,
———————————————————————

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,

                Third-Party Plaintiff,

    -vs-

UNIVERSITY OF ROCHESTER,

                Third-Party Defendant.
———————————————————————

11-cv-6206(L)

# <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on November 8, 2011, I electronically filed the foregoing third-party complaint with the Clerk of the District Court using the CM/ECF system, which sent notice to the following:

1. Beryl Nusbaum:   bnusbaum@woodsoviatt.com, bbrooks@woodsoviatt.com
2. Christine Tramontano:   christine.tramontano@hklaw.com
3. Eric J. Ward:   eward@wardgreenberg.com
4. Greta Katrin Kolcon:   gkolcon@woodsoviatt.com

5.  Louis J. Micca:    lmicca@msn.com

6.  Sean C. Sheely:    sean.sheely@hklaw.com, benjamin.wilson@hklaw.com, elvin.ramos@hklaw.com, glenn.huzinec@hklaw.com


                  s/ David Rothenberg
                  David Rothenberg