UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMUEL M. ROBERTS,<br><br>               Plaintiff,<br><br>  -vs-<br><br>LOS ALAMOS NATIONAL SECURITY, LLC,<br>AWE, PLC, and MASSACHUSETTS INSTITUTE<br>OF TECHNOLOGY,<br><br>               Defendants, | 11-cv-6206(L) |
| AWE, PLC,<br><br>               Third-Party Plaintiff,<br><br>  -vs-<br><br>University of Rochester,<br><br>               Third-Party Defendant. | |

### THIRD-PARTY COMPLAINT

Third-party plaintiff, AWE, PLC ("AWE"), for its third-party complaint against third-party defendant, University of Rochester ("U/R"), alleges upon information and belief as follows:

### PARTIES

1. Third-party plaintiff, AWE, is named as a defendant in an Amended Complaint ("Complaint") which was filed on July 26, 2011.

2. Upon information and belief, third-party defendant, U/R is a New York educational corporation with its principal offices in the State of New York, County of Monroe.

3. The Plaintiff in the Complaint in this action, Samuel M. Roberts ("Plaintiff") alleges that he was an employee of the U/R on August 6, 2008, when he was injured at the Laboratory for

Laser Energetics.

4. In his Complaint, Plaintiff alleges that defendant and third-party plaintiff AWE is liable to him because AWE was supposedly "responsible for ensuring the safe working environment for workers at the Laboratory for Laser Energetics". (Complaint, ¶ 14).

5. In his Complaint, Plaintiff further alleges that third-party defendant U/R owned and operated the OMEGA Laser and associated equipment, as part of the Laboratory for Laser Energetics.

## THIRD-PARTY CLAIM

6. Upon information and belief, Plaintiff sustained a grave injury, as defined by New York Workers Compensation Law, on August 6, 2008.

7. The premises where Plaintiff's injury occurred were owned by and at all relevant times were under the exclusive control of third-party defendant U/R.

8. The equipment that caused Plaintiff's injury was owned by and at all relevant times was under the exclusive control of third-party defendant U/R.

9. AWE did not own or control either the premises where Plaintiff's injury occurred, or the equipment that caused Plaintiff's injury.

10. Third-party defendant U/R was solely responsible for the maintenance and operation of the OMEGA Laser and the equipment that caused Plaintiff's injuries on August 6, 2008.

11. Third-party defendant U/R was solely responsible for safety at the Laboratory for Laser Energetics.

12. AWE had no responsibility for the operation or maintenance of the OMEGA Laser at the Laboratory for Laser Energetics.

13. AWE had no responsibility for the safety of employees of the U/R, who were involved in the operation and/or maintenance of the OMEGA Laser at the Laboratory for Laser Energetics.

14. Third-party defendant U/R was negligent in its maintenance and operation of the OMEGA Laser at the Laboratory for Laser Energetics.

15. Third-party defendant U/R was negligent in its installation, maintenance, and operation of equipment associated with the OMEGA laser at the Laboratory for Laser Energetics.

16. The negligence of third-party defendant U/R proximately caused plaintiff's injuries.

17. The damages sustained by Plaintiff, if any, were caused solely by third parties, without any fault or liability on the part of AWE.

18. In the event that Plaintiff establishes liability against defendant and third-party plaintiff AWE in the underlying action, third-party plaintiff will be entitled to contribution and/or indemnity from third-party defendant U/R.

**WHEREFORE,** in the event that a judgment is rendered against defendant and third-party plaintiff AWE, third-party plaintiff demands judgment against third-party defendant U/R, for contribution and/or indemnity, in an amount equal to any judgment in favor of the plaintiff, together with the costs and disbursements of this action.

Dated: November 14, 2011
      New York, New York

                                HOLLAND & KNIGHT LLP

                                By: /s/Christine Tramontano
                                Sean C. Sheely, Esq.
                                Christine Tramontano, Esq.
                                *Attorneys for Defendant, AWE, PLC*
                                31 West 52nd Street
                                New York, New York 10019
                                (212) 513-3200
                                sean.sheely@hklaw.com
                                christine.tramontano@hklaw.com

                                Phillip T. Evans, Esq. (*pro hac vice* to be submitted)
                                Harmony Loube, Esq.
                                2099 Pennsylvania Avenue, N.W., Suite 100
                                Washington DC 20006
                                Phone 202-457-7043
                                philip.evans@hklaw.com
                                harmony.loube@hklaw.com