**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

SAMUEL M. ROBERTS,

        Plaintiff(s),                ORDER
    v.                                       11-CV-6206

LOS ALAMOS NATIONAL SECURITY,
LLC; AWE, PLC and MASSACHUSETTS
INSTITUTE OF TECHNOLOGY,

        Defendant(s).

---

Currently pending before the Court is plaintiff's motion to compel. (Docket # 44). On August 6, 2012, a hearing was held and arguments were heard from the parties. For the reasons set forth on the record during the August 6, 2012 hearing, the Court hereby Orders that:

1. Plaintiff's motion to compel responses to his First Requests for Admissions is **granted**. With respect to Requests for Admissions numbered 1-6, defendant is ordered to produce responses within thirty (30) days of entry of this Order. The responses shall confirm the accuracy of the University of Rochester Shot Request Form annexed as Exhibit "A" to Docket # 48. With respect to Requests for Admissions numbered 7-18, plaintiff shall identify by bates stamp number the specific "User Guide" to which the request is directed and serve amended requests to admit as agreed upon during the hearing. Upon receipt of the amended requests, the defendant shall thereafter admit or deny the amended requests.

2. Plaintiff's motion to compel responses to demands numbered 1 and 2 of his First Demand for Production of Documents is **granted**. Plaintiff has demonstrated that relevant email correspondence authored by Los Alamos employees has not been produced by Los Alamos. Counsel for Los Alamos explained that her client does not possess or is unable to locate relevant electronically stored documents. The Court will construe this explanation as a claim that the relevant documents have not been produced because the data demanded has been destroyed or is not "reasonably accessible." Counsel is reminded that Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure provides that on a motion to compel discovery "the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost." See Star Direct Telecom, Inc. v. Global Crossing Bandwidth, Inc., 272 F.R.D. 350, 358-59 (W.D.N.Y. 2011)("The responding party must also identify, by category or type, the sources containing potentially responsive information that it is neither searching nor producing. The identification should, to the extent possible, provide enough detail to enable the requesting party to evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information on the identified sources.")(quoting Fed. R. Civ. P. 26 advisory committee's note (2006)).

No such showing has been made by Los Alamos here. Accordingly, in order to comply with the requirements of Rule

26(b)(2)(B) of the Federal Rules of Civil Procedure, defense counsel shall file an affidavit of a Los Alamos employee with direct knowledge of its document and email retention system stating: (1) the document/email retention policy used by Los Alamos currently and during the relevant time periods, (2) the dates of emails "reasonably accessible" for production in this litigation, (3) the back up or legacy system, if any, used by Los Alamos to preserve or archive emails that are no longer "reasonably accessible" and whether responsive documents or data may potentially be found on such back up or legacy systems, (4) whether accessing archived or back up emails would be unduly burdensome or costly and why, and (5) the date when a litigation hold or document preservation notice was put in place by Los Alamos regarding this matter and either a copy of or a description of the preservation or litigation hold utilized by Los Alamos.  The affidavit shall be filed within thirty (30) days of this Order.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: August 8, 2012
Rochester, New York