UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SAMUEL M. ROBERTS,

        Plaintiff,

-vs-

LOS ALAMOS NATIONAL SECURITY, LLC,
AWE, PLC, and
MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,

        Defendants,
        Third-Party Plaintiffs,

-vs-

UNIVERSITY OF ROCHESTER,

        Third-Party Defendant.

Civil Case No.:  11-cv-6206(L)

---

## UNIVERSITY OF ROCHESTER'S STATEMENT OF UNDISPUTED MATERIAL FACTS MADE PURSUANT TO LOCAL RULE 56

**WARD GREENBERG HELLER & REIDY LLP**
300 State Street
Rochester, New York 14614
(585) 454-0700

*Attorneys for Third-Party Defendant*
*University of Rochester*

Pursuant to Local Rule 56 of the Rules of Civil Procedure for the United States District Court for the Western District of New York, Third-Party Defendant University of Rochester ("University") submits this statement of material facts as to which it contends there is no genuine issue to be tried:

|  | **UNDISPUTED FACT** | **EVIDENTIARY SUPPORT** |
|---|---|---|
| 1. | The University owns and operates the Laboratory for Laser Energetics ("LLE"), which contains the Omega Laser Facility ("Omega Facility"). | Morse Aff. ¶ 3. |
| 2. | All experiments performed at the Omega Facility must be reviewed and approved by the FASC subcommittee, a group composed entirely of University employees. | Morse Aff. ¶ 12; Ex. 1. |
| 3. | Decisions of the FASC subcommittee are ultimately appealable to the LLE Director, a University employee, who has final approval authority over all experiment proposals. | Morse Aff. ¶ 15. |
| 4. | University employees are solely responsible for shot execution and data collection during the execution of all experiments and for control over the lasers and ancillary equipment during any maintenance periods. | Morse Aff. ¶¶ 18 – 25; Ex. 6. |
| 5. | University employees operate and control all access to the Omega Facility. | Morse Aff. ¶ 3. |
| 6. | The experiment under way at the time of plaintiff's injury on August 6, 2012 was proposed by Dr. Hans Herrmann, an employee of defendant Los Alamos National Security, LLC. | Morse Aff. ¶¶ 18 – 19; Ex. 3. |
| 7. | Dr. Herrmann's proposal included a request to use a neutron diagnostic instrument called the High Yield Neutron Temporal Diagnostic (the "light pipe"). | Glebov Aff. ¶¶ 17 – 19; Ex. 5, 13. |

| | | |
|---|---|---|
| 8. | Dr. Herrmann's proposal was reviewed and approved by the FASC subcommittee. In addition, his request to use the light pipe was reviewed and approved by Dr. Vladimir Glebov, a University employee. | Morse Aff. ¶ 20; Glebov Aff. ¶ 20; Ex. 4. |
| 9. | None of the defendants participated in the review or approval of Dr. Herrmann's proposal or his request to use the light pipe. | Morse Aff. ¶ 20; Glebov. Aff. ¶ 20. |
| 10. | The light pipe was designed, built, installed, operated and maintained by University employees, and underwent a design review process in which only University employees participated. | Glebov Aff. ¶¶ 2, 9 – 15; Ex. 8 – 12. |
| 11. | Defendants did not design, construct, install operate or perform any maintenance on the light pipe. | Glebov Aff. ¶ 16; Ex. 14, Interrogs. 8, 10; Ex. 15, Interrog. 10. |
| 12. | At the time plaintiff was injured, he was employed by the University as a Senior Laboratory Engineer at the LLE. | Glebov Aff. ¶ 10. |
| 13. | As plaintiff's employer, the University paid his salary and benefits, had exclusive control over his work activities, and had the exclusive right to terminate his employment. | Morse Aff. ¶ 27. |
| 14. | Defendants did not employ plaintiff, did not pay his salary and had no authority to control his work activities or to terminate his employment. | Morse Aff. ¶ 27. |
| 15. | On August 6, 2012, Dr. Vladimir Glebov, a University employee, instructed plaintiff to change the $CO_2$ pressure on the light pipe. | Glebov Aff. ¶ 21; Dkt. 8 ¶ 16. |
| 16. | Plaintiff sought and received permission from University employees before entering the target bay on August 6, 2012 to adjust the $CO_2$ pressure on the light pipe. | Glebov Aff. ¶ 21. |
| 17. | At no time on August 6, 2012 did defendants instruct plaintiff to enter the target bay or to make any changes to the light pipe. | Glebov Aff. ¶¶ 21 – 22. |

Dated: August 30, 2012         **WARD GREENBERG HELLER & REIDY LLP**

By:_____s/ Eric J. Ward_____

Eric J. Ward (eward@wardgreenberg.com)
Heidi S. Martinez (hmartinez@wardgreenberg.com)
William R. Leinen (wleinen@wardgreenberg.com)
300 State Street
Rochester, New York 14614

*Attorneys for Third-Party Defendant
University of Rochester*