UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SAMUEL M. ROBERTS,

                                        Plaintiff,

        -vs-

LOS ALAMOS NATIONAL SECURITY, LLC,
AWE, PLC, and MASSACHUSETTS INSTITUTE
OF TECHNOLOGY,

                                Defendants,
                        Third-Party Plaintiffs,                    11-cv-6206(L)

        -vs-

UNIVERSITY OF ROCHESTER,

                                Third-Party Defendant.
_____

# <u>NOTICE OF MOTION</u>

| | |
|---|---|
| MOTION BY: | Geiger and Rothenberg, LLP<br>Attorneys for Massachusetts Institute of Technology |
| DATE, TIME & PLACE: | A Motion Term of this Court to be held on a date and time to be set by the Court, in the United States Courthouse, 100 State Street, Rochester, NY 14614. |
| SUPPORTING PAPERS: | Affidavit of Johan Frenje, sworn to on September 20, 2012; the Affidavit of David Rothenberg, Esq., sworn to on September 27, 2012 and the exhibits annexed thereto; and all prior pleadings and proceedings had herein. |
| RELIEF REQUESTED: | An Order pursuant to Rule 56 of the Federal Rules of Civil Procedure granting defendant MIT summary judgment dismissing plaintiff's complaint against MIT; and granting defendant such other and |

further relief as to the Court seems just, proper, and equitable.

**THE MOVING PARTY
INTENDS TO SUBMIT
REPLY PAPERS.**

**ORAL ARGUMENT
IS REQUESTED.**

Dated: September 27, 2012
        Rochester, NY

_s/ David Rothenberg_

David Rothenberg, Esq.
GEIGER and ROTHENBERG, LLP
*Attorneys for Massachusetts Institute of Technology*
45 Exchange Street, Suite 800
Rochester, New York 14614
tel:  585.232.1946
fax:  585.232.4746
email:  drothenberg@geigroth.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SAMUEL M. ROBERTS,

                                        Plaintiff,

        -vs-

LOS ALAMOS NATIONAL SECURITY, LLC,
AWE, PLC, and MASSACHUSETTS INSTITUTE
OF TECHNOLOGY,

                                Defendants,
                        Third-Party Plaintiffs,            11-cv-6206(L)

        -vs-

UNIVERSITY OF ROCHESTER,

                        Third-Party Defendant.
_____

# **AFFIDAVIT**

STATE OF NEW YORK
COUNTY OF MONROE:    ss.


        **DAVID ROTHENBERG,** being duly sworn, deposes and says:

        1.        I am an attorney admitted to practice before the United States District

Court for the Western District of New York.

        2.        I am a partner in the firm of Geiger and Rothenberg, LLP, attorneys for

defendant Massachusetts Institute of Technology ("MIT").

        3.        I submit this affidavit in support of MIT's motion for summary judgment

dismissing plaintiff's complaint against it.

4.     Annexed hereto as Exhibit A are admissions filed by third-party defendant University of Rochester ("University") in response to Rule 36 Requests for Admission served by MIT.

5.     Annexed hereto as Exhibit B is the University's response to MIT's first set of interrogatories.

6.     The University's response and answers confirm the following relevant facts:

- The premises where plaintiff's injury occurred were owned by, and under the exclusive control of the University.

- MIT neither owned nor controlled the premises where the injury occurred.

- The diagnostic instrument which is alleged by plaintiff to have caused his injury—known as the Light Pipe—was designed, constructed, installed, maintained, repaired, and operated at all relevant times by the University.

- MIT did not design, construct, install, maintain, repair, or operate the Light Pipe.

- The University was plaintiff's employer.

- The University had the sole responsibility for safety within the OMEGA facility at the Laboratory for Laser Energetics.

7.     Also submitted in support of the instant motion is an affidavit from Johan Frenje, the sole MIT employee who is alleged by plaintiff to have had something to do with the experiment being conducted on August 6, 2008.

8.      Dr. Frenje's affidavit confirms the University's admissions as set forth above.  In fact, not only was the Light Pipe **not** designed, constructed, installed, maintained, repaired, or operated by MIT, but Dr. Frenje states that he does not recall ever seeing the Light Pipe prior to August 6, 2008.  Furthermore, to his knowledge, no employee of MIT ever saw the Light Pipe prior to August 6, 2008.

9.      As of this date, thousands of documents have been produced and exchanged among the parties to this litigation.  Upon information and belief, there is not a single document that contradicts any of the University's admissions, nor any of Dr. Frenje's sworn statements.

10.      Accordingly, there is no factual basis whatsoever for holding MIT liable to the plaintiff for any injuries sustained on August 6, 2008.

**WHEREFORE,** defendant MIT respectfully requests the entry of an Order pursuant to Rule 56 of the Federal Rules of Civil Procedure granting defendant MIT summary judgment dismissing plaintiff's complaint against MIT; and granting defendant such other and further relief as to the Court seems just, proper, and equitable.

*s / David Rothenberg*

David Rothenberg, Esq.

Sworn to before me on the
27th day of September 2012.

*s / Beverly G. Evans*

Beverly G. Evans
Notary Public in the State of New York
Monroe County
Commission Expires 10-30-2014