# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SAMUEL M. ROBERTS,

        Plaintiff,

-vs-

LOS ALAMOS NATIONAL SECURITY, LLC,
AWE, PLC, and
MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,

        Defendants,
        Third-Party Plaintiffs,

-vs-

UNIVERSITY OF ROCHESTER,

        Third-Party Defendant.

**UNIVERSITY OF ROCHESTER'S RESPONSE TO MASSACHUSETTS INSTITUTE OF TECHNOLOGY'S RULE 36 REQUESTS FOR ADMISSION**

Civil Case No.: 11-cv-6206(L)

---

**Third-Party Defendant, University of Rochester** (the "University"), by its attorneys, Ward Greenberg Heller & Reidy, LLP, responds to Defendant Massachusetts Institute of Technology's ("MIT") Rule 36 Request for Admission, as follows:

**REQUEST FOR ADMISSION NO. 1:** The premises where plaintiff's injury occurred were owned by the University of Rochester at all relevant times.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 2:** At no time did defendant MIT ever own the premises where plaintiff's injury occurred.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 3:** The premises where plaintiff's injury occurred were under the exclusive control of the University of Rochester at all relevant times.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 4:** At no time were the premises where plaintiff's injury occurred within the control of defendant MIT.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 5:** The light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint was designed by the University of Rochester or its agents and employees.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 6:** The light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint was not designed by defendant MIT, or its agents and employees.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 7:** The light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint was constructed by the University of Rochester or its agents and employees.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 8:** The light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint was not constructed by defendant MIT, or its agents and employees.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 9:** The light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint was installed by the University of Rochester or its agents and employees.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 10:** The light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint was not installed by defendant MIT, or its agents and employees.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 11:** At all relevant times, it was the responsibility of the University of Rochester to maintain the light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint, should any maintenance have been necessary.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 12:**   At no time was defendant MIT responsible for the maintenance of the light pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 13:**   At all relevant times, it was the responsibility of the University of Rochester to repair the light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint, should any repairs have been necessary.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 14:**   At no time was defendant MIT responsible for the repair of the light pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 15:**   At all relevant times, it was the responsibility of the University of Rochester to operate the light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 16:**   At no time was defendant MITT [sic] responsible for the operation of the light pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 17:**   Plaintiff was an employee of the University of Rochester.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 18:**   At no time during 2008 was plaintiff an employee of defendant MIT.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 19:**   As an employer of the plaintiff, the University of Rochester was responsible for supervision of the plaintiff at the Laboratory for Laser Energetics ("LLE").

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 20:** At no time was defendant MIT responsible for supervision of the plaintiff.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 21:** As an employer of the plaintiff, the University of Rochester was responsible for training of the plaintiff at LLE.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 22:** At no time was defendant MIT responsible for training the plaintiff.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 23:** As an employer of the plaintiff, the University of Rochester was evaluation and review of the plaintiff's employment at LLE.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 24:** At no time was defendant MIT responsible for was evaluation and review of the plaintiff's employment or performance at LLE.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 25:** Within the OMEGA facility and among the four parties named in this lawsuit as defendants and third-party defendant, the University of Rochester had the sole responsibility for safety.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 26:** Defendant MIT was not responsible for safety within the OMEGA facility at LLE.

**RESPONSE:** Admitted.

4

Dated:     February 27, 2012

/s/ Eric J. Ward
Eric J. Ward
Ward Greenberg Heller & Reidy LLP
*Attorneys for Third-Party Defendant,*
*University of Rochester*

300 State Street
Rochester, New York  14614
Tel.: (585) 454-0714
eward@wardgreenberg.com

TO:    David Rothenberg, Esq.

Geiger and Rothenberg, LLP
*Attorneys for Defendant Massachusetts*
*Institute of Technology*
45 Exchange Street
Suite 800
Rochester, New York 14614
Tel: (585) 232-1946
drothenberg@geigroth.com

cc:    Louis J. Micca, Esq.
*Attorneys for Plaintiff*
*Samuel L. Roberts*
11 State Street
Pittsford, New York 14534
Tel: (585) 899-6031
Fax: (585) 383-6357
lmicca@msn.com

Christine Tramontano, Esq.
Sean C. Sheely, Esq.
Philip T. Evans, Esq.

Holland & Knight LLP
*Attorneys for Defendant*
 *AWE, PLC*
31 West 52nd Street
New York, New York  10019
Tel: (212) 513-3200
Fax: (212) 385-9010
sean.sheely@hklaw.com
christine.tramontano@hklaw.com

2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, District of Columbia  20006
Tel: (202) 457-7043
Fax: (202) 955-3000
philip.evans@hklaw.com

Beryl Nusbaum, Esq.
Greta K. Kolcon, Esq.

Woods Oviatt Gilman LLP
*Attorneys for Defendant Los Alamos*
 *National Security, LLC*
700 Crossroads Building
Two State Street
Rochester, New York  14614
Tel: (585) 987-2800
bnusbaum@woodsoviatt.com
gkolcon@woodsoviatt.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2012, I served a true and accurate copy of the foregoing University of Rochester's Response to Massachusetts Institute of Technology's Rule 36 Requests for Admission by depositing a true copy, enclosed in a post-paid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York addressed to:

Beryl Nusbaum, Esq.
Woods Oviatt Gilman LLP
*Attorneys for Los Alamos National Security, LLC*
700 Crossroads Building
Two State Street
Rochester, New York  14614

David Rothenberg, Esq.
Geiger and Rothenberg, LLP
*Attorneys for Defendant Massachusetts Institute of Technology*
45 Exchange Street
Suite 800
Rochester, New York 14614

Louis J. Micca, Esq.
*Attorneys for Plaintiff Samuel L. Roberts*
11 State Street
Pittsford, New York 14534

Christine Tramontano, Esq.
Holland & Knight LLP
*Attorneys for Defendant AWE, PLC*
31 West 52nd Street
New York, New York  10019

_____
Marjorie M. Collins

7