# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SAMUEL M. ROBERTS,

            Plaintiff,

  -vs-

LOS ALAMOS NATIONAL SECURITY, LLC,
AWE, PLC, and
MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,

            Defendants,
            Third-Party Plaintiffs,

  -vs-

UNIVERSITY OF ROCHESTER,

            Third-Party Defendant.

**UNIVERSITY OF ROCHESTER'S
RESPONSE TO THIRD-PARTY
PLAINTIFF MASSACHUSETTS
INSTITUTE OF TECHNOLOGY'S
FIRST SET OF
INTERROGATORIES**

**Civil Case No.: 11-cv-6206(L)**

---

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and pursuant to the Local Rules of Civil Procedure of the United States District Court for the Western District of New York, Third-Party Defendant, University of Rochester ("UR") by its attorneys, Ward Greenberg Heller & Reidy, LLP, responds to Third-Party Plaintiff Massachusetts Institute of Technology's ("MIT") First Set of Interrogatories (the "Interrogatories"), as follows:

<u>**GENERAL STATEMENTS AND OBJECTIONS**</u>

1.      The responses set forth below are based upon information currently known to UR. UR submits these responses without waiving or intending to waive the right to object on any of the following bases: competence, relevance, materiality, privilege or admissibility. UR further expressly reserves the right to object to the use of these responses as evidence for any purpose, including but not limited to the use of these responses in any subsequent proceeding or in the trial of this or any other action.

2.      Any objection, lack of objection or response to any portion of the Interrogatories shall not constitute an admission that UR has in its possession, custody or control any information sought by any particular interrogatory. These responses are made without prejudice to UR's right to disclose, at a later date, subsequently discovered information.

3.      UR reserves the right to assert any and all additional objections that are appropriate under the circumstances.

4.      UR reserves the right to change or supplement its responses to the Interrogatories as additional facts are discovered, revealed, recalled, or otherwise ascertained, and as further analysis and research disclose additional facts, contentions, or legal theories that might apply.

5.      All specific responses are subject to the general objections and reservations of rights set forth herein.

6.      UR objects to the Interrogatories to the extent that they purport to require disclosure of documents, communications or information that are privileged or protected from disclosure as material prepared for or in anticipation of litigation, attorney work product, attorney-client communications, confidential settlement communications as defined by Federal Rule of Evidence 408, material governed by the common interest privilege, or any other applicable privilege or protection. The inadvertent production of any privileged information shall not be deemed a waiver of any claim of protection or privilege that UR may have as to such information, and UR reserves the right to demand the return and/or destruction of all information inadvertently produced, including any copies or other materials based upon or derived from such information.

2

7.     UR objects to the Interrogatories to the extent they seek information already in the possession, custody, or control of defendant, or are as equally accessible to defendant as they are to UR, on the ground that the production of such information would be unduly burdensome.

8.     UR objects to the Interrogatories to the extent that they purport to inquire about issues, or seek information or require production of information, not within UR's possession, custody, or control.

9.     UR objects to the Interrogatories to the extent they demand information pertaining to ultimate factual and/or legal conclusions that can only be determined after a full and complete trial of the action.

10.    UR objects to the Interrogatories to the extent they are overly broad, vague, unduly burdensome, oppressive, seek information not material and necessary to the prosecution or defense of this action and/or not reasonably calculated to lead to the discovery of admissible evidence.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Describe plaintiff's duties and responsibilities at the LLE on August 6, 2008, in general and in reference to the task he was undertaking at the time of the accident giving rise to this lawsuit.

### RESPONSE:

UR objects to this Interrogatory on the grounds that the terms "duties," "responsibilities," and "task" are undefined and therefore vague and ambiguous. Subject to and without waiving the foregoing specific objection or general objections, UR states plaintiff was employed as a Senior Laboratory Engineer to perform basic engineering tasks under supervision. UR further states that on August 6, 2008, just prior to the incident at issue, plaintiff was orally

3

instructed by Vladimir Glebov reduce the pressure on the Light-Pipe from 100 psi to 50 psi.

Dr. Glebov further asked Plaintiff whether he knew how to perform the task to which Plaintiff

replied in the affirmative. Inasmuch as the incident was not witnessed, it is not known whether

or how plaintiff was performing this task at the time.

### INTERROGATORY NO. 2:

Provide the names, titles, and names of employer, of plaintiff's supervisor or supervisors, as well as all others to whom plaintiff reported on or about August 6, 2008.

### RESPONSE:

UR objects to this Interrogatory on the grounds that the terms "supervisor or supervisors"

and "reported" are undefined and therefore vague and ambiguous. Subject to and without

waiving the foregoing specific objection or foregoing general objections, UR states that T. Craig

Sangster, a UR employee, had direct supervisory control over plaintiff. Other UR employees at

LLE also supervised plaintiff's day-to-day work including Timothy Wilson and Vladimir Glebov

on August 6, 2008.

### INTERROGATORY NO. 3:

Provide the names, titles, names of employer, and a description of duties and responsibilities of all personnel who were known to have been present at LLE at the time of plaintiff's accident on or about August 6, 2008.

### RESPONSE:

UR objects to this Interrogatory on the grounds that it is overbroad. The request for

information concerning "all personnel who were known to have been present at LLE at the time

of plaintiff's accident," potentially includes numerous LLE employees who may have happened

to be in the building at the time, but were not in the vicinity of the OMEGA laser and had

nothing at all to do with experiment being conducted. For the same reason, UR objects to this

interrogatory on the ground that it seeks information not relevant to a claim or defense in this

4

action. UR further objects to this Interrogatory on the grounds that it may seek information

beyond the custody and control of UR.  Subject to the foregoing specific objections and

foregoing general objections, the following UR employees were known to be present at LLE at

the time of Plaintiff's accident on August 6, 2008:  Vladimir Glebov, UR scientist, Tim Wilson,

Shot Director, Jim Kolacki and Dana Bertomen, Laser Driver Operators, Sean Carey, Power

Conditioning Operator, Scott Reed and Phil Torti, Power Conditioning Technicians, Dave Kuhn,

Beamlines Operator, Eric Schwartz and Jeff Hart, UV Alignment/Laser Technicians, Todd O

Smith and Matthew Arelline, IR Alignment/Laser Technicians, Matt Maslyn and Ron Snyder,

Experimental System Operators, Harold Beck and Kurt Herold, Experimental System

Technicians, and Sheryl Lucas, Photographic Technician. UR directs MIT to the Laser Facility

Organization & Regulation Manual which has been previously produced in this litigation for

descriptions of the aforementioned positions.

**INTERROGATORY NO. 4:**

Provide a description of any training plaintiff received in connection with his
employment at LLE, including the names, job titles, and employers of all persons who trained
plaintiff.

**RESPONSE:**

UR objects to this Interrogatory on the grounds that it seeks information not relevant to a

claim or defense in this action. More specifically, by seeking information concerning "any

training" in connection with plaintiff's employment at LLE the demand calls for information in

subject matters unrelated to plaintiff's duties in the OMEGA Target Bay. UR further objects to

this request on the grounds that "training" is undefined and therefore vague and ambiguous.

Subject to and without waiving the foregoing specific objections or foregoing general objections,

UR states that Plaintiff received continuous training regarding the administration of his duties by

working in a collaborative fashion with experienced scientists, engineers and other LLE personnel in a high-tech and scientific workplace. In addition, Plaintiff received formal training or education concerning chemical safety, beryllium safety, electrical safety, laser safety, radiation safety, and general laboratory education. Plaintiff also received training to qualify as an Experimental Systems Operator and as an Experimental Systems Technician. UR directs MIT to the Laser Facility Organization & Regulation Manual previously produced in this litigation for a description of this training.

**INTERROGATORY NO. 5:**

Provide a description of all training plaintiff received with respect to the installation, maintenance, and/or repair of the Light-Pipe, including the names, job titles, and employers of all persons who trained plaintiff.

**RESPONSE:**

UR objects to this request on the grounds that "training" is undefined and therefore vague and ambiguous. Subject to and without waiving the foregoing specific objection or foregoing general objections, UR incorporates the information contained in Interrogatory 4 above.

**INTERROGATORY NO. 6:**

Identify those employees of LLE (or U/R) who had supervisory responsibility over the plaintiff on August 6, 2008.

**RESPONSE:**

UR objects to this Interrogatory on the grounds that the term "supervisory responsibility" is undefined and therefore vague and ambiguous. Subject to and without waiving the foregoing specific objection or general objections, UR directs MIT to its response to Interrogatory No. 2.

**INTERROGATORY NO. 7:**

Identify all individuals responsible for installation, maintenance, and repair of the Light Pipe on or before August 6, 2008.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, UR states that Miguel Cruz, Samuel Roberts, Jack Armstrong and Vladimir Glebov installed the Light Pipe. UR further states that Samuel Roberts, Miguel Cruz and Vladimir Glebov were responsible for the maintenance and repair, to the extent necessary, of the Light Pipe. Other UR employees may have provided additional assembly or installation support, but UR cannot specify by name other such employees.

**INTERROGATORY NO. 8:**

Identify the individual or individuals who had inspected the Light-Pipe prior to the accident on August 6, 2008, giving rise to this lawsuit.

**RESPONSE:**

UR objects to this Interrogatory on the grounds that the term "inspected" is undefined and therefore vague and ambiguous. UR further objects to this Interrogatory on the grounds that the interrogatory assumes that some type of "inspection" was mandated by LLE custom or practice, or by procedure as set forth in the LFORMS, an assumption that is not supported by the record. UR further objects to this interrogatory on the ground that it is not limited in time or scope and is therefore overly broad and burdensome. Subject to and without waiving the foregoing specific objections or general objections, UR states that the light pipe was "inspected" continuously through assembly, installation and maintenance, and UR therefore incorporates the information contained in Interrogatory 7 above.

**INTERROGATORY NO. 9:**

Identify those employees of LLE (or U/R) who had supervisory responsibility for safety policies and procedures, safety training, and/or safety administration at LLE, in August of 2008.

7

**RESPONSE:**

UR objects to this Interrogatory on the grounds that the terms "safety policies and procedures, safety training and/or safety administration" are undefined and therefore vague and ambiguous. UR further objects to this Interrogatory on the grounds that the term "LLE" includes areas other than the OMEGA Target Bay and therefore seeks information not relevant to a claim or defense in this action. Subject to and without waiving the foregoing specific objections or general objections, UR states that Samuel Morse, Omega Facility Division Director, Keith Thorp, Laser Facility Manager, Gregory Pien, Experimental Operations Group Leader and Steven Loucks, who had retired from the position of LLE Chief Safety Officer on July 1, 2008 but continued in an interim role as of August 6, 2008, had administrative responsibility for the safety of employees at or in the Target Bay. Additionally, Diana Coppenbarger, Shot Director, had operational responsibility for the safety of operations at or in the Target Bay on August 6, 2008 from 7:00 A.M. until 2:00 P.M. and Timothy Wilson, Shot Director, had operational responsibility for the safety of operations at or in the Target Bay on August 6, 2008 from 2:00 P.M. until 10:00 P.M.

**INTERROGATORY NO. 10:**

Identify all U/R employees who investigated plaintiff's accident on or after August 6, 2008.

**RESPONSE:**

UR objects to this Interrogatory on the grounds that the term "investigated" is undefined and therefore vague and ambiguous. UR further objects to this Interrogatory on the grounds that it seeks information or documents created in anticipation of litigation, attorney work product, attorney-client communications, confidential settlement communications as defined by Federal Rule of Evidence 408, or any other applicable privilege or protection.

Dated: April 20, 2012

WARD GREENBERG HELLER & REIDY LLP

_____
Eric J. Ward

*Attorneys for Third-Party Defendant,*
*University of Rochester*
300 State Street
Rochester, New York  14614
Tel.:  (585) 454-0714
Fax:  (585) 231-1921
eward@wardgreenberg.com

9

TO:   David Rothenberg, Esq.

      Geiger and Rothenberg, LLP
      *Attorneys for Defendant Massachusetts*
       *Institute of Technology*
      45 Exchange Street
      Suite 800
      Rochester, New York 14614
      Tel: (585) 232-1946
      drothenberg@geigroth.com

      Louis J. Micca, Esq.
      *Attorneys for Plaintiff*
       *Samuel M. Roberts*
      11 State Street
      Pittsford, New York 14534
      Tel: (585) 899-6031
      Fax: (585) 383-6357
      lmicca@msn.com


      Christine Tramontano, Esq.
      Sean C. Sheely, Esq.
      Philip T. Evans, Esq.

      Holland & Knight LLP
      *Attorneys for Defendant*
       *AWE, PLC*
      31 West 52nd Street
      New York, New York 10019
      Tel: (212) 513-3200
      Fax: (212) 385-9010
      sean.sheely@hklaw.com
      christine.tramontano@hklaw.com

      2099 Pennsylvania Avenue, N.W.
      Suite 100
      Washington, District of Columbia 20006
      Tel: (202) 457-7043
      Fax: (202) 955-3000
      philip.evans@hklaw.com