UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SAMUEL M. ROBERTS,

                                                           Plaintiff,

   -vs-

LOS ALAMOS NATIONAL SECURITY, LLC,
AWE, PLC, and MASSACHUSETTS INSTITUTE
OF TECHNOLOGY,

                                                           Defendants,
                                         Third-Party Plaintiffs,       11-cv-6206(L)

   -vs-

UNIVERSITY OF ROCHESTER,

                                         Third-Party Defendant.
_____

# **RULE 56 STATEMENT**

      Pursuant to Rule 56(a)(1) of the Local Rules of Civil Procedure for the Western District of New York defendant Massachusetts Institute of Technology ("MIT") hereby submits the following statement of material facts in support of its motion for summary judgment:

      1.     The premises where plaintiff's injury occurred were owned by the University of Rochester at all relevant times.

      2.     At no time did defendant MIT ever own the premises where plaintiff's injury occurred.

      3.     The premises where plaintiff's injury occurred were under the exclusive control of the University of Rochester at all relevant times.

4. At no time were the premises where plaintiff's injury occurred within the control of defendant MIT.

5. The light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint was designed by the University of Rochester or its agents and employees.

6. The light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint was not designed by defendant MIT, or its agents and employees.

7. The light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint was constructed by the University of Rochester or its agents and employees.

8. The light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint was not constructed by defendant MIT, or its agents and employees.

9. The light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint was installed by the University of Rochester or its agents and employees.

10. The light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint was not installed by defendant MIT, or its agents and employees.

11. At all relevant times, it was the responsibility of the University of Rochester to maintain the light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint, should any maintenance have been necessary.

12. At no time was defendant MIT responsible for the maintenance of the light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint.

13. At all relevant times, it was the responsibility of the University of Rochester to repair the light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint, should any repairs have been necessary.

14. At no time was defendant MIT responsible for the repair of the light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint.

15. At all relevant times, it was the responsibility of the University of Rochester to operate the light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint.

16. At no time was defendant MITT responsible for the operation of the light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint.

17. Plaintiff was an employee of the University of Rochester.

18. At no time during 2008 was plaintiff an employee of defendant MIT.

19. As employer of the plaintiff, the University of Rochester was responsible for supervision of the plaintiff at the Laboratory for Laser Energetics ("LLE").

20. At no time was defendant MIT responsible for supervision of the plaintiff.

21. As employer of the plaintiff, the University of Rochester was responsible for training of the plaintiff at LLE.

22. At no time was defendant MIT responsible for training the plaintiff.

23. As employer of the plaintiff, the University of Rochester was responsible for evaluation and review of the plaintiff's employment at LLE.

24. At no time was defendant MIT responsible for evaluation and review of the plaintiff's employment or performance at LLE.

25. Within the OMEGA facility and among the four parties named in this lawsuit as defendants and third-party defendant, the University of Rochester had the sole responsibility for safety.

26. Defendant MIT was not responsible for safety within the OMEGA facility at LLE.

Dated: September 27, 2012
Rochester, NY

*s/ David Rothenberg*

David Rothenberg, Esq.
GEIGER and ROTHENBERG, LLP
*Attorneys for Massachusetts Institute of Technology*
45 Exchange Street, Suite 800
Rochester, New York 14614
tel:  585.232.1946
fax:  585.232.4746
email:  drothenberg@geigroth.com