UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────────

SAMUEL M. ROBERTS,

         Plaintiff,

 -vs.-

                  **Civil No. 11 CV 6206L**

LOS ALAMOS NATIONAL SECURITY, LLC.,
AWE, PLC., MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,

         Defendants,
      Third-Party Plaintiffs,


 -vs.-

UNIVERSITY OF ROCHESTER

    Third-Party Defendant.
───────────────────────────────────────────

## DECLARATION

  Louis J. Micca, pursuant to 28 U.S.C. § 1746, declares, under penalty of perjury, that the following is true and correct:

  1.  I am counsel for Plaintiff, Samuel M. Roberts, and make this affirmation in support of Plaintiff's motion pursuant to Federal Rule of Civil Procedure 37 to strike the answer of the Defendant, Los Alamos National Security, LLC., (LANS); granting Plaintiff judgment by default against the Defendant, LANS; and holding LANS in contempt of court for willfully failing to comply with an Order of this Court.

  2.  By Order of the Honorable Jonathan W. Feldman dated August 8, 2012, this Court granted Plaintiff's motion to compel responses from LANS to Plaintiff's First Request for Admissions and to compel responses to demands numbered 1 and 2 of Plaintiff's First Demand

for Production of Documents. The Court's Order dated August 8, 2012 was filed at Docket No. 53.

3. Plaintiff served its Amended Rule 36 Requests for Admission on August 9, 2012 as directed by the Court in its Order referred to above. A copy of Plaintiff's Amended Rule 36 Requests for Admission is annexed hereto marked Exhibit A.

4. On September 5, 2012, LANS served its Response to Plaintiff's Amended Rule 36 Requests for Admission. A copy of LANS' Response to Plaintiff's Amended Rule 36 Requests for Admission is annexed hereto marked Exhibit B.

5. On September 5, 2012, LANS filed various affidavits from its employees pursuant to the Court's Order referred to above. The Affidavits were filed at Docket No. 59, 59-1 and 59-2. The affidavit of LANS employee, Stephanie T. Lovato, states that "the dates of email reasonably accessible range are from *at least* January 2008 to the present." (emphasis added).

6. By letter dated September 27, 2012, Plaintiff's counsel advised LANS' counsel that LANS' response to Plaintiff's Amended Request for Admission numbered 9 was not responsive and did not admit or deny the stated fact. Plaintiff's counsel also sought a good faith production by LANS of additional documents responsive to Plaintiff's Demands and identified as reasonably accessible by LANS as required by the Court's Order. A copy of counsel's letter dated September 27, 2012, is annexed hereto marked Exhibit C.

7. By letter dated October 5, 2012, Counsel for LANS acknowledged that various documents responsive to Plaintiff's demands were reasonably accessible to LANS, however, LANS refused to produce additional responsive documents absent Plaintiff providing "search terms for additional discovery". LANS' counsel made no effort to respond to Plaintiff's request

regarding Amended Request for Admission numbered 9. A copy of LANS' counsel's letter dated October 5, 2012 is annexed hereto marked Exhibit D.

8. On the same day as the above letter, Counsel for LANS served Supplemental Responses to Plaintiff's Document Demands numbered 1 and 2. These Supplemental Responses included 4 pages of emails previously withheld by LANS in its original responses to Plaintiff's demand for documents. The production, however, did not include attachments to an email sent by LANS employee, Dr. Hans Herrmann, to Dr. Vladimir Glebov of the U of R relating directly to the experiment being conducted on the date of Plaintiff's injuries. A copy of LANS' Supplemental Responses to Plaintiff's Document Demands is annexed hereto marked Exhibit E.

9. The Supplemental Responses did not include over 100 pages of emails sent to or from Los Alamos but produced by the U of R in response to the same document demands served upon LANS. Copies of these additional emails not produced by LANS are annexed hereto marked Exhibit F.

10. LANS has persisted in its refusal to produce all emails it admits are "reasonably accessible" in spite of the Order of this Court compelling production.

11. By reason of all the foregoing, Plaintiff seeks an Order striking LANS's Answer to Plaintiff's Complaint; granting Plaintiff default judgment against LANS; and holding LANS in contempt of court for its willful refusal to admit or deny Plaintiff's Request for Admission numbered 9 and refusal to produce reasonably accessible documents responsive to Plaintiff's demands together with the costs and attorney's fees incurred by Plaintiff in the bringing of this motion as well as sanctions as to the Court seem reasonable and appropriate.

DATED:   Pittsford, New York
         October 9, 2012

                                                       s/Louis J. Micca
                                                       Louis J. Micca, Esq.

*Attorney for Plaintiff Samuel M. Roberts*
11 State Street
Pittsford, NY 14534
Telephone:  (585) 899-6031
Facsimile:  (585) 383-6357
E-mail:  lmicca@msn.com

4