UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SAMUEL M. ROBERTS,

                Plaintiff,

       vs.

LOS ALAMOS NATIONAL SECURITY, LLC, AWE,
PLC., MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,

                Defendants,
                Third-Party Plaintiffs,

       vs.

UNIVERSITY OF ROCHESTER

                Third-Party Defendant.

**AFFIDAVIT OF
BERYL NUSBAUM IN
SUPPORT OF LOS ALAMOS
NATIONAL SECURITY,
LLC'S MOTION FOR
SUMMARY JUDGMENT**

**Civil No. 11 CV 6206L**

## **AFFIDAVIT**

STATE OF NEW YORK  )
COUNTY OF MONROE  )  ss:

**Beryl Nusbaum,** being duly sworn, deposes and states:

1.    That he is an attorney admitted to practice before the United States District Court

for the Western District of New York and is a member of the firm of Woods Oviatt Gilman LLP,

attorneys for the Defendant Los Alamos National Security, LLC ("LANL").

2.    That this affidavit is submitted in support of LANL's Motion for Summary

Judgment dismissing Plaintiff's complaint against it.

3.    That attached hereto as **Exhibit "A"** are admissions filed by Third-Party

Defendant University of Rochester in response to a Rule 36 Request for Admissions served by

LANL.

{1619048: }

4.      That attached hereto as **Exhibit "B"** is the University of Rochester's response to LANL's First Set of Interrogatories.

5.      That the University of Rochester's response to the Rule 36 Admission Requests and to the Interrogatories confirms the following material facts:

a.  The premises where Plaintiff's injury occurred were under the exclusive control of the University of Rochester. (U of R Admission 3, Ex. A)

b.  LANL never owned nor controlled the premises where the injury occurred. (U of R Admissions 1 and 4, Ex. A)

c.  The light pipe diagnostic instrument which Plaintiff alleges caused his injury was designed, constructed, maintained, repaired, and operated at all relevant times by the University of Rochester. (U of R Admissions 5, 7, 9, 11, 13, and 15, Ex. A)

d.  That LANL did not design, construct, install, maintain, repair, or operate the light pipe diagnostic. (U of R Admissions 6, 8, 10, 12, 14, and 16, Ex. A)

e.  That the University of Rochester had sole responsibility for safety within the OMEGA facility at the Laboratory for Laser Energetics ("LLE"). (U of R Admission 25, Ex. A)

f.  That the Plaintiff was employed by the University of Rochester and was not an employee of LANL. (U of R Admissions 17 and 18, Ex. A)

g.  That the University was responsible for the supervision and training of the Plaintiff and that LANL was not responsible for the supervision and training of the Plaintiff. (U of R Admissions 19 and 20, Ex. A)

h.  That a University of Rochester scientist, Dr. Vladimir Glebov, recommended that Plaintiff adjust the light pipe on the date of the accident and that he reduce pressure on the light pipe and that Plaintiff's permission to enter the Target Bay

{1619048: }2

and perform the adjustment was provided by Timothy Wilson, the University of Rochester Shot Director. (U of R Answer to Interrogatories 4 and 5, Ex. B)

     i.    That only U of R personnel were authorized to repair, maintain or service the light pipe. (U of R Answer to Interrogatory 9, Ex. B)

6.    That submitted in addition to this affidavit is an affidavit from Hans Herrmann, the LANL employee who is identified as a principle investigator on the shot form submitted in connection with the experiment being conducted on August 6, 2008.

7.    That Dr. Herrmann's affidavit confirms the University of Rochester's admissions set forth herein and that not only was the light pipe not designed, constructed, installed, maintained, repaired, or operated by LANL, but that LANL in no way directed the activities of Mr. Roberts nor had knowledge of the fact that Mr. Roberts had been sent on August 6, 2008 to perform or engage in any activity with respect to the light pipe itself.

8.    That, as set forth in Dr. Herrmann's Affidavit, no one, except LLE personnel, could have any direct contact with the light pipe, and that any such contact was limited to LLE personnel.

9.    That your deponent has reviewed thousands of pages of documents that have been produced and exchanged in this litigation and, upon information and belief, there are no documents that contradict in any way the University of Rochester's admissions nor Dr. Herrmann's affidavit.

10.    That there is no basis whatsoever for finding that LANL owed any duty to the Plaintiff or that LANL is in any way responsible for the injuries the Plaintiff sustained on August 6, 2008.

**WHEREFORE,** Defendant LANL respectfully requests that the Court grant its Motion for Summary Judgment and enter an Order pursuant to Rule 56 of the Rules of Federal Procedure dismissing Plaintiff's complaint against LANL and granting to LANL such other and further relief as to the Court may seem just and proper.

Beryl Nusbaum, Esq.

Sworn to before me this
11th day of October, 2012.

Notary Public

MONICA A. EAST
Notary Public, State of New York
Qualified in Monroe County
No. 01EA6073547
Commission Expires April 22, 20__

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SAMUEL M. ROBERTS,

           Plaintiff,

   -vs-

LOS ALAMOS NATIONAL SECURITY, LLC,
AWE, PLC, and
MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,
           Defendants,
           Third-Party Plaintiffs,

   -vs-

UNIVERSITY OF ROCHESTER,

           Third-Party Defendant.

**UNIVERSITY OF ROCHESTER'S
RESPONSE TO LOS ALAMOS
NATIONAL SECURITY, LLC'S
RULE 36 REQUESTS FOR
ADMISSION**

Civil Case No.:  11-cv-6206(L)

**Third-Party Defendant, University of Rochester** (the "University"), by its attorneys,

Ward Greenberg Heller & Reidy, LLP, responds to Defendant Los Alamos National Security

LLC's ("LANS") Rule 36 Request for Admission, as follows:

**REQUEST FOR ADMISSION NO. 1:**  The premises where plaintiff's injury
occurred were owned by the University of Rochester at all relevant times.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 2:**  At no time did defendant, LANS ever own
the premises where plaintiff's injury occurred.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 3:**  The premises where plaintiff's injury
occurred were under the exclusive control of the University of Rochester at all relevant times.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 4:**  At no time were the premises where
plaintiff's injury occurred within the control of defendant, LANS.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 5:**     The light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint was designed by the University of Rochester or its agents and employees.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 6:**     The light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint was not designed by defendants, LANS, or its agents and employees.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 7:**     The light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint was constructed by the University of Rochester or its agents and employees.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 8:**     The light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint was not constructed by defendant, LANS, or its agents and employees.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 9:**     The light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint was installed by the University of Rochester or its agents and employees.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 10:**     The light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint was not installed by defendant, LANS, or its agents and employees.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 11:**     At all relevant times, it was the responsibility of the University of Rochester to maintain the light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint, should any maintenance have been necessary.

**RESPONSE:** Admitted.

2

**REQUEST FOR ADMISSION NO. 12:**   At   no   time   was   defendant,   LANS, responsible for the maintenance of the light pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 13:**   At   all   relevant   times,   it   was   the responsibility of the University of Rochester to repair the light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint, should any repairs have been necessary.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 14:**   At   no   time   was   defendant,   LANS, responsible for the repair of the light pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 15:**   At   all   relevant   times,   it   was   the responsibility of the University of Rochester to operate the light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 16:**   At   no   time   was   defendant,   LANS, responsible for the operation of the light pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 17:**   Plaintiff was an employee of the University of Rochester.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 18:**   At no time during 2008 was plaintiff an employee of defendant, LANS.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 19:**   As an employer of the plaintiff, the University of Rochester was responsible for supervision of the plaintiff at the LLE.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 20:**   At no time was defendant, LANS, responsible for supervision of the plaintiff.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 21:**   As an employer of the plaintiff, the University of Rochester was responsible for training of the plaintiff at the LLE.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 22:**   At no time was defendant, LANS, responsible for training the plaintiff.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 23:**   As an employer of the plaintiff, the University of Rochester was evaluation and review of the plaintiff's employment at LLE.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 24:**   At no time was defendant, LANS, responsible for was evaluation and review of the plaintiff's employment or performance at LLE.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 25:**   Within the OMEGA facility and among the four parties named in this lawsuit as defendants and third-party defendant, the University of Rochester had the sole responsibility for safety.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 26:**   Defendant, LANS, was not responsible for safety within the OMEGA facility at LLE.

**RESPONSE:** Admitted.

Dated:   February 27, 2012

_____

Eric J. Ward
Ward Greenberg Heller & Reidy LLP
*Attorneys for Third-Party Defendant,*
*  University of Rochester*

300 State Street
Rochester, New York 14614
Tel.: (585) 454-0714
eward@wardgreenberg.com


TO:   Beryl Nusbaum, Esq.
      Greta K. Kolcon, Esq.

      Woods Oviatt Gilman LLP
      *Attorneys for Defendant Los Alamos*
      *  National Security, LLC*
      700 Crossroads Building
      Two State Street
      Rochester, New York 14614
      Tel: (585) 987-2800
      bnusbaum@woodsoviatt.com
      gkolcon@woodsoviatt.com


cc:   Louis J. Micca, Esq.
      *Attorneys for Plaintiff*
      *  Samuel L. Roberts*
      11 State Street
      Pittsford, New York 14534
      Tel: (585) 899-6031
      Fax: (585) 383-6357
      lmicca@msn.com

Christine Tramontano, Esq.
Sean C. Sheely, Esq.
Philip T. Evans, Esq.

Holland & Knight LLP
*Attorneys for Defendant*
*  AWE, PLC*
31 West 52nd Street
New York, New York  10019
Tel: (212) 513-3200
Fax: (212) 385-9010
sean.sheely@hklaw.com
christine.tramontano@hklaw.com

2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, District of Columbia  20006
Tel: (202) 457-7043
Fax: (202) 955-3000
philip.evans@hklaw.com

David Rothenberg, Esq.

Geiger and Rothenberg, LLP
*Attorneys for Defendant Massachusetts*
*  Institute of Technology*
45 Exchange Street
Suite 800
Rochester, New York 14614
Tel: (585) 232-1946
drothenberg@geigroth.com

# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SAMUEL M. ROBERTS,

              Plaintiff,

    -vs-

LOS ALAMOS NATIONAL SECURITY, LLC,
AWE, PLC, and
MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,

              Defendants,
              Third-Party Plaintiffs,

    -vs-

UNIVERSITY OF ROCHESTER,

              Third-Party Defendant.

**UNIVERSITY OF ROCHESTER'S RESPONSE TO THIRD-PARTY PLAINTIFF LOS ALAMOS NATIONAL SECURITY, LLC'S FIRST REQUEST FOR INTERROGATORIES**

**Civil Case No.:  11-cv-6206(L)**

---

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and pursuant to the Local Rules of Civil Procedure of the United States District Court for the Western District of New York, Third-Party Defendant, University of Rochester ("UR") by its attorneys, Ward Greenberg Heller & Reidy, LLP, responds to Third-Party Plaintiff Los Alamos National Security, LLC's ("LANS") First Request for Interrogatories (the "Interrogatories"), as follows:

## GENERAL STATEMENTS AND OBJECTIONS

1.    The responses set forth below are based upon information currently known to UR. UR submits these responses without waiving or intending to waive the right to object on any of the following bases: competence, relevance, materiality, privilege or admissibility.  UR further expressly reserves the right to object to the use of these responses as evidence for any purpose, including but not limited to the use of these responses in any subsequent proceeding or in the trial of this or any other action.

2.      Any objection, lack of objection or response to any portion of the Interrogatories shall not constitute an admission that UR has in its possession, custody or control any information sought by any particular interrogatory. These responses are made without prejudice to UR's right to disclose, at a later date, subsequently discovered information.

3.      UR reserves the right to assert any and all additional objections that are appropriate under the circumstances.

4.      UR reserves the right to change or supplement its responses to the Interrogatories as additional facts are discovered, revealed, recalled, or otherwise ascertained, and as further analysis and research disclose additional facts, contentions, or legal theories that might apply.

5.      All specific responses are subject to the general objections and reservations of rights set forth herein.

6.      UR objects to the Interrogatories to the extent that they purport to require disclosure of documents, communications or information that are privileged or protected from disclosure as material prepared for or in anticipation of litigation, attorney work product, attorney-client communications, confidential settlement communications as defined by Federal Rule of Evidence 408, material governed by the common interest privilege, or any other applicable privilege or protection. The inadvertent production of any privileged information shall not be deemed a waiver of any claim of protection or privilege that UR may have as to such information, and UR reserves the right to demand the return and/or destruction of all information inadvertently produced, including any copies or other materials based upon or derived from such information.

7.      UR objects to the Interrogatories to the extent they seek information already in the possession, custody, or control of defendant, or are as equally accessible to defendant as they are to UR, on the ground that the production of such information would be unduly burdensome.

8.      UR objects to the Interrogatories to the extent that they purport to inquire about issues, or seek information or require production of information, not within UR's possession, custody, or control.

9.      UR objects to the Interrogatories to the extent they demand information pertaining to ultimate factual and/or legal conclusions that can only be determined after a full and complete trial of the action.

10.     UR objects to the Interrogatories to the extent they are overly broad, vague, unduly burdensome, oppressive, seek information not material and necessary to the prosecution or defense of this action and/or not reasonably calculated to lead to the discovery of admissible evidence.

11.     UR objects to the Interrogatories to the extent they require UR to set forth the factual and legal basis for its contentions or otherwise set forth all information pertaining to particular matters on the grounds that such Interrogatories are premature prior to the completion of discovery. UR reserves the right to supplement, amend or correct any and/or all of its objections and responses to these Interrogatories upon completion of discovery.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

State who were the person(s) who designed, who constructed, who assembled and who installed the Light-Pipe and whether each such named person was an employee of the University of Rochester at the time of the performance of his or her respective role.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, UR states that Chris

Fullone, Andy Dillenbeck and Pat Ellsworth designed the Light-Pipe. Miguel Cruz, Samuel

Roberts, Jack Armstrong and Vladimir Glebov installed the Light-Pipe. Other UR employees

may have provided additional assembly or installation support, but UR has not been able to

identify by name other such employees.

**INTERROGATORY NO. 2:**

State who selected each part used in the assembly and installation of the Light-Pipe and
the source from where each part was obtained including but not limited to the regulator, the $CO_2$
tank and the part or parts which were utilized to connect the Light-Pipe to the overhead ceiling
area.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, UR states that Xichong

Chen, Miguel Cruz, Vladimir Glebov, Oscar Lopez-Raffo, and Samuel Roberts selected parts

used in the assembly and installation of the Light Pipe. The parts were obtained from ATI Firth

Sterling, Brush Wellman Electrofusion, CVI Laser Corporation, Digikey, Edmund Industrial

Optics, I.M.S., Jordan Machine & Tool, McMaster Carr Supply, MDC Vacuum Product Corp.,

Miller Brick Company, Mini Circuits Lab, Murphy & Nolan, Office Max Technology Center,

Optosigma, P & R Industries, Inc., Saint-Gobain Crystals, S.M. Electronics, Ultra Tool Inc,

Valex Corporation, and Western New York F.S.T.

UR cannot identify the source of the Airgas $CO_2$ Cylinder, size CD TW128, Arrow R26

Series Pressure Regulator, Swagelock Metering Valve, SS31RF4, Swagelock Valve, 908675 SS-

4BK, Winters LF Series Premium Pressure Gauge, 0-150psi, Norgren Pressure Gauge, 0-160psi,

Swagelock 1500psi FL4 7 Hose, or certain hose fittings and regulator attachment fittings.

4

## INTERROGATORY NO. 3:

State who was responsible for servicing, repairing, adjusting and maintaining the Light-Pipe during the six months prior to and including the Date of the Accident and under whose supervision the servicing, repairing, adjusting and maintaining for the Light-Pipe during that period was conducted.

## RESPONSE:

Subject to and without waiving the foregoing general objections, upon information and belief, UR states that Samuel Roberts, Miguel Cruz and Vladimir Glebov were responsible for servicing, repairing, adjusting and maintaining the Light-Pipe during the six months prior to and including the Date of the Accident.  The servicing, repairing, adjusting and maintaining of the Light-Pipe was conducted under the supervision of Vladimir Glebov or the Shot Director on the day of the Light-Pipe's use in an experiment. All were UR employees.

## INTERROGATORY NO. 4:

State who directed or instructed the Plaintiff to perform any service, maintenance, adjustment or repair to the Light-Pipe, or any portion of the Light-Pipe assembly, on the Date of the Accident and the title and authority of the person who directed or instructed the Plaintiff to do so.

## RESPONSE:

Subject to and without waiving the foregoing general objections, UR states that the Vladimir Glebov, UR scientist, recommended that the Plaintiff make an adjustment to the Light-Pipe on the day of the accident.  Timothy Wilson, UR Shot Director, authorized Plaintiff to enter the Target Bay and perform the adjustment.

## INTERROGATORY NO. 5:

State the content of any instructions, whether oral or in writing, given to the Plaintiff concerning the circumstances under which he was permitted to repair, maintain, adjust or service the Light-Pipe and when and by whom such instructions were provided.

**RESPONSE:**

UR objects to this Interrogatory as it is not limited in time and is therefore vague, and ambiguous. Subject to and without waiving the foregoing specific objection or general objections, UR states that on August 6, 2008, Plaintiff was orally instructed by Vladimir Glebov reduce the pressure on the Light-Pipe from 100 psi to 50 psi. Dr. Glebov further asked Plaintiff whether he knew how to perform the task to which Plaintiff replied in the affirmative.

**INTERROGATORY NO. 6:**

State who at the LLE had overall authority and responsibility for safety at or in the Target Bay area where the Light-Pipe was located during the period one week before and including the Date of the Accident and identify the overall chain of command for safety practices at the LLE with regard to the Target Bay and the Light-Pipe.

**RESPONSE:**

UR objects to this Interrogatory on the grounds that "chain of command" is undefined and therefore vague and ambiguous. UR further objects to this Interrogatory on the grounds that it seeks information not relevant to a claim or defense in this lawsuit. Specifically, it seeks information regarding the operational authority or responsibility for the Target Bay during experiments unrelated to the DT Ratio experiment on August 6, 2008. Subject to and without waiving the foregoing specific objections or general objections, UR states that Samuel Morse, Omega Facility Division Director, Keith Thorp, Laser Facility Manager, and Gregory Pien, Experimental Operations Group Leader had administrative responsibility for the safety of employees at or in the Target Bay. Additionally, Diana Coppenbarger, Shot Director, had operational responsibility for the safety of operations at or in the Target Bay on August 6, 2008 from 7:00 A.M. until 2:00 P.M. and Timothy Wilson, Shot Director, had operational responsibility for the safety of operations at or in the Target Bay on August 6, 2008 from

6

2:00 P.M. until 10:00 P.M.  In addition, Steven Loucks, who had retired from the position of

LLE Chief Safety Officer on July 1, 2008 continued in an interim role as of August 6, 2008.

## INTERROGATORY NO. 7:

Identify all protocols or documents in effect on the Date of the Accident pertaining to operations at the LLE which included any safety rules, policies or regulations and state whether such documents had been disseminated to LLE employees including the Plaintiff prior to the Date of the Accident.

## RESPONSE:

UR objects to this Interrogatory on the grounds that the terms "protocols" and

"documents" are undefined and therefore vague and ambiguous. Subject to and without waiving

the foregoing specific objection or general objections, UR states that all LLE employees were

required to adhere to the Laser Facility Organization & Regulation Manual.  This document was

available to all LLE employees in a variety of locations, including on its website.  The pertinent

LFORM has previously been produced in this litigation.

## INTERROGATORY NO. 8:

State the title and identity of all LLE employees or personnel with authority or responsibility for the imposition and enforcement of safety regulations in the Target Bay or elsewhere at the LLE during the period one week prior to and including the Date of the Accident and the area of responsibility of each such person.

## RESPONSE:

UR objects to this Interrogatory on the grounds that the term "safety regulations" is

undefined and therefore vague and ambiguous.  UR further objects to this Interrogatory on the

grounds that the term "elsewhere" includes areas other than the OMEGA target bay and therefore

seeks information not relevant to a claim or defense in this action.  Subject to and without

waiving the foregoing specific objections or general objections, UR refers LANS to its response

to Interrogatory No. 6.

7

**INTERROGATORY NO. 9:**

State whether any person other than an employee of the LLE or the University of Rochester was authorized to utilize, repair, maintain, service or adjust the Light-Pipe or any portion thereof at any time during the week prior to and including the Date of the Accident and if the answer is yes, the identity, title and authority of each such person.

**RESPONSE:**

UR objects to this Interrogatory on the grounds that the term "utilize" is undefined and

therefore vague and ambiguous. Subject to and without waiving the foregoing specific objection

or general objections, UR states that only UR personnel were authorized to repair, maintain,

service or adjust the Light-Pipe or any portion thereof.

**INTERROGATORY NO. 10:**

State under what circumstances persons other than employees of the LLE were permitted to utilize the Light-Pipe, whether any such person had been authorized to utilize the Light-Pipe during the week preceding and including the Date of the Accident, the identity such persons, the circumstances under which such person were permitted to utilize the Light-Pipe, and of what that use consisted.

**RESPONSE:**

UR objects to this Interrogatory on the grounds that the term "utilize" is undefined and

therefore vague and ambiguous. Subject to and without waiving the foregoing specific objection

or general objections, UR states that use of the light pipe in an experiment was subject to the

provisions of the Laser Facility Organization & Regulation Manuel which has been previously

produced in this litigation.

**INTERROGATORY NO. 11:**

Identify any reports concerning the occurrence of Plaintiff's accident including and relating to the performance or failure of the Light-Pipe, the Light-Pipe assembled or the failure of its connection to the ceiling plate, including any reports pertaining to the cause or occurrence of the accident.

**RESPONSE:**

UR objects to this Interrogatory on the grounds that it seeks information or documents created in anticipation of litigation, attorney work product or attorney-client communications, or any other applicable privilege or protection. UR will identify such reports on a privilege log at the conclusion of its privilege review of responsive documents. Subject to and without waiving the foregoing specific objection or general objections, UR states that relevant and non-privileged reports responsive to this request will be produced in response to LANS's document demands.

**INTERROGATORY NO. 12:**

Identify any documents or reports prepared subsequent to Plaintiff's accident concerning the cause of the accident or compliance with or violation of any safety rules or regulations at the LLE.

**RESPONSE:**

UR objects to this Interrogatory on the grounds that it seeks information or documents created in anticipation of litigation, attorney work product or attorney-client communications, or any other applicable privilege or protection. UR will identify such reports on a privilege log at the conclusion of its privilege review of responsive documents. Subject to and without waiving the foregoing specific objection or general objections, UR states that relevant and non-privileged reports and documents responsive to this request will be produced in response to LANS's document demands.

**INTERROGATORY NO. 13:**

Identify all reports concerning investigations conducted by the LLE or any governmental agency concerning the cause and occurrence of the accident involving Plaintiff.

**RESPONSE:**

UR objects to this Interrogatory on the grounds that it seeks information or documents created in anticipation of litigation, attorney work product or attorney-client communications, or

any other applicable privilege or protection. UR will identify such reports on a privilege log at the conclusion of its privilege review of responsive documents. Subject to and without waiving the foregoing specific objection or general objections, UR states that relevant and non-privileged reports responsive to this request will be produced in response to LANS's document demands.

Dated: April 18, 2012

WARD GREENBERG HELLER & REIDY LLP

_____
Eric J. Ward

*Attorneys for Third-Party Defendant,*
*   University of Rochester*
300 State Street
Rochester, New York  14614
Tel.: (585) 454-0714
Fax: (585) 231-1921
eward@wardgreenberg.com

10

TO:   Louis J. Micca, Esq.
      *Attorneys for Plaintiff*
        *Samuel M. Roberts*
      11 State Street
      Pittsford, New York 14534
      Tel: (585) 899-6031
      Fax: (585) 383-6357
      lmicca@msn.com

      Christine Tramontano, Esq.
      Sean C. Sheely, Esq.
      Philip T. Evans, Esq.

      Holland & Knight LLP
      *Attorneys for Defendant*
        *AWE, PLC*
      31 West 52nd Street
      New York, New York  10019
      Tel: (212) 513-3200
      Fax: (212) 385-9010
      sean.sheely@hklaw.com
      christine.tramontano@hklaw.com

      2099 Pennsylvania Avenue, N.W.
      Suite 100
      Washington, District of Columbia  20006
      Tel: (202) 457-7043
      Fax: (202) 955-3000
      philip.evans@hklaw.com

      Beryl Nusbaum, Esq.
      Greta K. Kolcon, Esq.

      Woods Oviatt Gilman LLP
      *Attorneys for Defendant Los Alamos*
        *National Security, LLC*
      700 Crossroads Building
      Two State Street
      Rochester, New York  14614
      Tel: (585) 987-2800
      bnusbaum@woodsoviatt.com
      gkolcon@woodsoviatt.com

David Rothenberg, Esq.

Geiger and Rothenberg, LLP
*Attorneys for Defendant Massachusetts*
  *Institute of Technology*
45 Exchange Street
Suite 800
Rochester, New York 14614
Tel: (585) 232-1946
drothenberg@geigroth.com