UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SAMUEL M. ROBERTS,

                Plaintiff,

vs.

LOS ALAMOS NATIONAL SECURITY, LLC, AWE, PLC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY,

                Defendants,
                Third-Party Plaintiffs,

vs.

UNIVERSITY OF ROCHESTER

                Third-Party Defendant.

**DEFENDANT LOS ALAMOS NATIONAL SECURITY, LLC's RULE 56 STATEMENT**

**Civil No. 11 CV 6206L**

## **RULE 56 STATEMENT**

Pursuant to Rule 56(a)(1) of the Local Rules of Civil Procedure for the Western District of New York Defendant Los Alamos National Security, Inc. ("LANL") hereby submits the following statement of material facts in support of its motion for summary judgment:

    1.    That Plaintiff was the employee of the University of Rochester at all pertinent times and at no time was the Plaintiff an employee of the Defendant LANL. (U of R Admissions 17 and 18. See University of Rochester's Response to Los Alamos National Security, LLC's Rule 36 Requests for Admissions, attached hereto as **Exhibit "A"**)

    2.    That at all pertinent times the University of Rochester, as employer of the Plaintiff, was responsible for and conducted the supervision of Plaintiff at the LLE. (U of R Admission 19, Ex. A)

{1618509: }1

3. That at all pertinent times the premises where Plaintiff's injury occurred were owned and controlled by the University of Rochester ("U of R") (U of R Admission 1, Ex. A)

4. That the Defendant LANL never owned the premises where Plaintiff's injury occurred. (U of R Admission 2, Ex. A)

5. That the Laboratory for Laser Energetics ("LLE") where Plaintiff's injury occurred was a facility owned and exclusively controlled by the University of Rochester at all pertinent times. ( U of R Admission 3, Ex. A)

6. That no portion or the entirety of the LLE where Plaintiff's injury occurred was ever within the control or under the supervision of Defendant LANL. (U of R Admission 4, Ex. A)

7. That the light pipe diagnostic referenced in paragraphs 18-22 of Plaintiff's complaint was designed by the University of Rochester, its agents, servants or employees and was not designed by the Defendant LANL or its agents, servants or employees. (U of R Admissions 5 and 6, Ex. A)

8. That the light pipe diagnostic instrument referenced in paragraphs 18-22 of Plaintiff's complaint was constructed in its entirety by the University of Rochester, its agents, servants and employees and the Defendant LANL and its agents, servants or employees played no role whatsoever in the construction of the light pipe diagnostic. (U of R Admission 8, Ex. A)

9. That the light pipe diagnostic referenced in paragraphs 18-22 of Plaintiff's complaint was installed by the University of Rochester, its agents, servants and employees and LANL and its agents, servants and employees played no role whatsoever in the installation of the light pipe diagnostic. (U of R Admissions 9 and 10, Ex. A)

10. That the University of Rochester, was solely responsible for the maintenance of the light pipe diagnostics referred to in paragraphs 18-22 of Plaintiff's complaint and the Defendants LANL had no responsibility for the maintenance of the light pipe diagnostic referred to in paragraphs 18-22 of Plaintiff's complaint. (U of R Admissions 11 and 12, Ex. A)

11. That it was solely the responsibility of the University of Rochester to repair, when necessary, the light pipe diagnostic instrument referenced in paragraphs 18-22 of Plaintiff's complaint and at no time was LANL responsible for the repair of the light pipe diagnostic. (U of R Admissions 13 and 14, Ex. A)

12. That it was the sole responsibility of the University of Rochester to operate the light pipe diagnostic instrument referenced in paragraphs 18-22 of Plaintiff's complaint. (U of R Admission 15, Ex. A)

13. That at no time was Defendant LANL responsible or in control of the operation of the light pipe diagnostic referenced in paragraphs 18-22 of Plaintiff's complaint. (U of R Admission 16, Ex. A)

14. That the U of R was responsible for the supervision of Plaintiff at the LLE and that at no time was the Defendant LANL responsible for the supervision of Plaintiff. (U of R Admissions 19 and 20, Ex. A)

15. That the University of Rochester was responsible for the training of the Plaintiff at the LLE and at no time was the Defendant LANL responsible for or involved in any way in the training of the Plaintiff. (U of R Admissions 21 and 22, Ex. A)

16. That the University of Rochester was responsible for evaluating and reviewing the Plaintiff's performance and employment at the LLE and at no time was LANL responsible in any way for the evaluation and review of Plaintiff's employment at the LLE. (U of R Admissions 23

and 24, Ex. A)

17.  That within the OMEGA facility and among all parties named in this lawsuit as Defendants and Third-Party Defendant, the University of Rochester had sole responsibility for safety and LANL was not responsible for safety at the OMEGA facility at the LLE. (U of R Admissions 25 and 26, Ex. A)

Dated: October 5, 2012
      Rochester, New York

By: *[signature]*

WOODS OVIATT GILMAN LLP

Beryl Nusbaum, Esq.
*Attorneys for Defendant/Third-Party Plaintiff Los Alamos National Security LLC*
700 Crossroads Building
2 State Street
Rochester, New York 14614
585.987.2800

{1618509; }

**EXHIBIT A**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SAMUEL M. ROBERTS,

            Plaintiff,

-vs-

LOS ALAMOS NATIONAL SECURITY, LLC,
AWE, PLC, and
MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,
            Defendants,
            Third-Party Plaintiffs,

-vs-

UNIVERSITY OF ROCHESTER,

            Third-Party Defendant.

**UNIVERSITY OF ROCHESTER'S RESPONSE TO LOS ALAMOS NATIONAL SECURITY, LLC'S RULE 36 REQUESTS FOR ADMISSION**

**Civil Case No.: 11-cv-6206(L)**

---

**Third-Party Defendant, University of Rochester** (the "University"), by its attorneys, Ward Greenberg Heller & Reidy, LLP, responds to Defendant Los Alamos National Security LLC's ("LANS") Rule 36 Request for Admission, as follows:

**REQUEST FOR ADMISSION NO. 1:** The premises where plaintiff's injury occurred were owned by the University of Rochester at all relevant times.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 2:** At no time did defendant, LANS ever own the premises where plaintiff's injury occurred.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 3:** The premises where plaintiff's injury occurred were under the exclusive control of the University of Rochester at all relevant times.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 4:** At no time were the premises where plaintiff's injury occurred within the control of defendant, LANS.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 5:** The light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint was designed by the University of Rochester or its agents and employees.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 6:** The light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint was not designed by defendants, LANS, or its agents and employees.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 7:** The light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint was constructed by the University of Rochester or its agents and employees.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 8:** The light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint was not constructed by defendant, LANS, or its agents and employees.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 9:** The light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint was installed by the University of Rochester or its agents and employees.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 10:** The light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint was not installed by defendant, LANS, or its agents and employees.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 11:** At all relevant times, it was the responsibility of the University of Rochester to maintain the light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint, should any maintenance have been necessary.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 12:** At no time was defendant, LANS, responsible for the maintenance of the light pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 13:** At all relevant times, it was the responsibility of the University of Rochester to repair the light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint, should any repairs have been necessary.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 14:** At no time was defendant, LANS, responsible for the repair of the light pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 15:** At all relevant times, it was the responsibility of the University of Rochester to operate the light-pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 16:** At no time was defendant, LANS, responsible for the operation of the light pipe diagnostic instrument alleged in paragraphs 18-22 of plaintiff's complaint.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 17:** Plaintiff was an employee of the University of Rochester.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 18:** At no time during 2008 was plaintiff an employee of defendant, LANS.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 19:** As an employer of the plaintiff, the University of Rochester was responsible for supervision of the plaintiff at the LLE.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 20:** At no time was defendant, LANS, responsible for supervision of the plaintiff.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 21:** As an employer of the plaintiff, the University of Rochester was responsible for training of the plaintiff at the LLE.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 22:** At no time was defendant, LANS, responsible for training the plaintiff.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 23:** As an employer of the plaintiff, the University of Rochester was evaluation and review of the plaintiff's employment at LLE.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 24:** At no time was defendant, LANS, responsible for was evaluation and review of the plaintiff's employment or performance at LLE.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 25:** Within the OMEGA facility and among the four parties named in this lawsuit as defendants and third-party defendant, the University of Rochester had the sole responsibility for safety.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 26:** Defendant, LANS, was not responsible for safety within the OMEGA facility at LLE.

**RESPONSE:** Admitted.

4

Dated: February 27, 2012

_____
Eric J. Ward
Ward Greenberg Heller & Reidy LLP
*Attorneys for Third-Party Defendant,*
*University of Rochester*

300 State Street
Rochester, New York 14614
Tel.: (585) 454-0714
eward@wardgreenberg.com

TO: Beryl Nusbaum, Esq.
Greta K. Kolcon, Esq.

Woods Oviatt Gilman LLP
*Attorneys for Defendant Los Alamos*
*National Security, LLC*
700 Crossroads Building
Two State Street
Rochester, New York 14614
Tel: (585) 987-2800
bnusbaum@woodsoviatt.com
gkolcon@woodsoviatt.com

cc: Louis J. Micca, Esq.
*Attorneys for Plaintiff*
*Samuel L. Roberts*
11 State Street
Pittsford, New York 14534
Tel: (585) 899-6031
Fax: (585) 383-6357
lmicca@msn.com

5

Christine Tramontano, Esq.
Sean C. Sheely, Esq.
Philip T. Evans, Esq.

Holland & Knight LLP
*Attorneys for Defendant*
 *AWE, PLC*
31 West 52nd Street
New York, New York  10019
Tel: (212) 513-3200
Fax: (212) 385-9010
sean.sheely@hklaw.com
christine.tramontano@hklaw.com

2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, District of Columbia  20006
Tel: (202) 457-7043
Fax: (202) 955-3000
philip.evans@hklaw.com

David Rothenberg, Esq.

Geiger and Rothenberg, LLP
*Attorneys for Defendant Massachusetts*
 *Institute of Technology*
45 Exchange Street
Suite 800
Rochester, New York 14614
Tel: (585) 232-1946
drothenberg@geigroth.com