UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SAMUEL M. ROBERTS,

        Plaintiff,

vs.

LOS ALAMOS NATIONAL SECURITY, LLC, AWE, PLC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY,

        Defendants,
        Third-Party Plaintiffs,

vs.

UNIVERSITY OF ROCHESTER

        Third-Party Defendant.

**AFFIDAVIT OF RANDALL J. KANZLEITER**

Civil No. 11 CV 6206L

STATE OF NEW MEXICO   )
COUNTY OF LOS ALAMOS) ss:

**Randall J. Kanzleiter**, being duly sworn, deposes and states:

1. That he is employed at the Los Alamos National Laboratory ("LANL") as the W-88 Secondary Point of Contact for the W-88 System, which is a Navy System Warhead. That he provides analytical and numerical assistance on system specific issues; is a technical expert on scheduled DNI activities; and provides the engineering division with expert physics assessments on surveillance findings in stockpile activities. That he holds a Bachelor of Science in Aero-Space Engineering from Pennsylvania State University; a Master of Science degree in Aero-Space Engineering from Pennsylvania State University; and a Doctorate in Engineering Physics from Rensselaer Polytechnic Institute (RPI).

2. That in 2008, as Program Manager for the Secondary Assessment Technology's Campaign (SAT) at LANL, he served as a member of the Weapons Physics Sub-Committee of

the Facilities Advisory and Scheduling Committee ("FASC") at the Laboratory for Laser Energetics ("LLE") at the University of Rochester laboratory. That the duties of the Weapons Physics Sub-Committee involved determining for the coming fiscal year what the experimental requirements for various users of the LLE facilities would be and then acting as a scheduling committee. It would coordinate scheduling with Lawrence Livermore National Laboratory (LLNL), the LLE, LANL, and any other scientific entity that had high energy density experiments it wanted to perform at the LLE. The committee would also discuss and recommend how many experiments the various groups would be allowed to do at the LLE. However, the LLE controlled the facility and would approve the number of experiments that would be allowed and after that decision the committee would work together to determine when each scientific entity could use the LLE for its experiments.

3. That the Weapons Physics Sub-Committee had no involvement whatsoever in the review and approval of Shot Forms, which were submitted in connection with individual experiments proposed by specific research scientists. In addition, the Weapons Physics Sub-Committee would have no involvement with any determination that any diagnostic met the safety requirements of the LLE. Our involvement was in working with the LLE and the other laboratories to help determine how many days of access each laboratory would be allocated for research on an annual basis. The integration of which specific experiments were performed on which days was handled solely by the LLE, as was the review and preapproval of each individual experiment.

4. That the responsibility for determining the qualification of diagnostics that belong to the U of R was the responsibility of the LLE and the Weapons Physics Sub-Committee had no involvement or responsibility for qualifying or evaluating the University of Rochester's Light

Pipe diagnostic. As far as I knew, the LLE was responsible for any safety qualification on its own diagnostic.

                                                                            Randall J. Kanzleiter

Sworn to before me this
2nd day of November, 2012.



Notary Public

{1625833: }