**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SAMUEL M. ROBERTS,<br><br>                Plaintiff,<br><br>   -vs-<br><br>LOS ALAMOS NATIONAL SECURITY, LLC, AWE, PLC, and MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>                Defendants, | 11-cv-6206(L) |
| AWE, PLC,<br><br>                Third-Party Plaintiff,<br><br>   -vs-<br><br>UNIVERSITY OF ROCHESTER,<br><br>                Third-Party Defendant. | |

## RULE 56 STATEMENT OF DEFENDANT AWE, PLC

Pursuant to Rule 56(a)(1) of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York, Defendant AWE, plc ("AWE") hereby submits the following statement of undisputed material facts for which there is no genuine issue to be tried in support of its motion for summary judgment:

1

|    | **Undisputed Material Fact** | **Evidentiary Support** |
|----|------------------------------|--------------------------|
| 1. | Plaintiff Samuel Roberts ("Plaintiff") was at all times relevant to this lawsuit an employee of the University of Rochester ("U of R"). | Glebov Aff., ¶ 10 (Ex. D[1]); U of R's Response to Los Alamos National Security, LLC's Rule 36 Requests for Admission, No. 17 (Ex. E); Plaintiff's Response to AWE's Interrogatories, No. 1 (Ex. F). |
| 2. | At no point in time did AWE, or anyone employed by or associated with AWE, employ Plaintiff. | Morse Aff., ¶ 27 (Ex. G) |
| 3. | During all times relevant to this lawsuit, U of R, as Plaintiff's employer, was responsible for the supervision of Plaintiff when he performed his work and responsibilities. | Glebov Aff., ¶ 21-22 (Ex. D); U of R's Response to Los Alamos National Security, LLC's Rule 36 Requests for Admission, No. 19 (Ex. E); Plaintiff's Response to AWE's Interrogatories, No. 1 (Ex. F). |
| 4. | On August 6, 2008, the day on which Plaintiff was injured, Plaintiff was performing his regular duties as a Senior Laboratory Technician in the U of R's Laboratory for Laser Energetics ("LLE"). | Glebov Aff., ¶ 10 (Ex. D). |
| 5. | Plaintiff had worked for the LLE in various capacities since 1999. | Plaintiff's Response to AWE's Interrogatories, No. 1 (Ex. F). |
| 6. | The U of R was the sole source of any training that Plaintiff received concerning the use and operation of the LLE and any equipment located at the LLE. | U of R's Response to Los Alamos National Security, LLC's Rule 36 Requests for Admission, No. 21 (Ex. E); Plaintiff's Response to AWE's Interrogatories, No. 5 (Ex. F). |
| 7. | At no point in time did AWE, or anyone employed by or associated with AWE, employ Plaintiff. | Morse Aff., ¶ 27 (Ex. G) |
| 8. | At no point in time did AWE, or anyone employed by or associated with AWE, control or supervise Plaintiff. | Morse Aff., ¶ 27 (Ex. G); U of R's Response to Los Alamos National Security, LLC's Rule 36 |

---

[1] All Exhibits letters referenced herein correspond to the exhibits attached to the Declaration of Christine Tramontano submitted herewith.

| | | Requests for Admission, No. 19 (Ex. E). |
|---|---|---|
| 9. | The LLE is owned and exclusively controlled by the U of R, and was so at all time relevant to Plaintiff's Complaint. AWE does not own, operate, supervise, or control the LLE. | Morse Aff.,¶ 3, 6 (Ex. G); U of R's Response to Los Alamos National Security, LLC's Rule 36 Requests for Admission, No. 1, No. 3 (Ex. E). |
| 10. | The U of R was solely responsible for safety at the LLE. | U of R's Response to Los Alamos National Security, LLC's Rule 36 Requests for Admission, No. 25 (Ex. E) |
| 11. | AWE does not have any right to operate, supervise, or control the LLE, or anyone employed by the U of R. | Morse Aff., ¶¶ 23-27 (Ex. G) |
| 12. | On August 6, 2008 and during experiments held before and after that date, AWE personnel who were on site at the LLE were visitors allowed entry to the LLE based solely upon the express permission of the U of R, and subject to terms, conditions, and policies imposed by the U of R. | Morse Aff., ¶ 22 (Ex. G); Horsfield Dec.[2], ¶ 4. |
| 13. | Plaintiff was seriously injured on August 6, 2008, while servicing, or adjusting, a piece of equipment located at the LLE LLE which is known as the High Yield Neutron Temporal Diagnostic (also know and referred to as the "Light Pipe"). | U of R's Response to Samuel M. Roberts' Rule 36 Request for Admission (Second), No. 16 (Ex. H). |
| 14. | The Light Pipe was designed and constructed by the U of R and/or its agents and employees. | Glebov Aff., ¶¶ 5-14 (Ex. D); Horsfield Dec., ¶ 8; U of R's Response to Los Alamos National Security, LLC's Rule 36 Requests for Admission, No. 5, No. 7 (Ex. E); U of R's Response to Third-Party Plaintiff AWE, PLC's First Set of Interrogatories, No. 1 (Ex. I). |
| 15. | AWE personnel had no part in the design and construction of the Light Pipe. | Glebov Aff., ¶ 5-14 (Ex. D), Horsfield Dec., ¶ 8; |

---

[2] The Declaration of Dr. Colin J. Horsfield sworn on November 6, 2012 is submitted herewith.

3

| | | |
|---|---|---|
| | | U of R's Response to Los Alamos National Security, LLC's Rule 36 Requests for Admission, No. 5, No. 7 (Ex. E); |
| | | U of R's Response to Third-Party Plaintiff AWE, PLC's First Set of Interrogatories, No. 1 (Ex. I); |
| | | Responses and Objections of Defendant/Third-Party Plaintiff AWE, PLC to the First Set of Interrogatories of Plaintiff, No. 10 (Ex. J). |
| 16. | The Light Pipe was located in the target bay which is located inside the LLE. | Glebov Aff., ¶15 (Ex. D); Morse Aff., ¶6 (Ex. G). |
| 17. | The Light Pipe was installed by the U of R and/or its agents and employees. AWE had no part in the installation of the Light Pipe. | Glebov Aff., ¶¶13, 15 (Ex. D); Horsfield Dec., ¶8; U of R's Response to Los Alamos National Security, LLC's Rule 36 Requests for Admission, No. 9 (Ex. E); U of R's Response to Third-Party Plaintiff AWE, PLC's First Set of Interrogatories, No. 1 (Ex. I); Responses and Objections of Defendant/Third-Party Plaintiff AWE, PLC to the First Set of Interrogatories of Plaintiff, No. 10 (Ex. J). |
| 18. | The operation, maintenance, and repair of the Light Pipe was the sole responsibility of the U of R and/or its agents and employees. At no time did AWE, or its employees, have anything to do with the operation, maintenance and repair of the Light Pipe. | Gelbov Aff., ¶¶13, 21-22 (Ex. D); Horsfield Dec., ¶ 8; U of R's Response to Los Alamos National Security, LLC's Rule 36 Requests for Admission, No. 11, No. 13 (Ex. E); U of R's Response to Third-Party Plaintiff AWE, PLC's First Set of Interrogatories, No. 2, No. 13 (Ex. I); Responses and Objections of Defendant/Third-Party Plaintiff AWE, PLC to the First Set of Interrogatories of Plaintiff, No. 10 (Ex. J). |

#11775810_v1

| | | |
|---|---|---|
| 19. | At no point in time did AWE personnel have the right, privilege or responsibility to direct operations at the LLE or to provide instruction or direction to U of R employees. | Glebov Aff., ¶¶ 21-22 (Ex. D); Morse Aff., ¶¶ 26-27 (Ex. G); Horsfield Dec., ¶¶ 6, 11. |
| 20. | On August 6, 2008, AWE personnel did not provide any direction or instruction to Plaintiff. | Morse Aff., ¶ 27 (Ex. G); Horsfield Dec., ¶¶ 8, 11; U of R's Response to Third-Party Plaintiff AWE, PLC's First Set of Interrogatories, No. 3, No. 4 (Ex. I). |
| 21. | While AWE personnel were involved with attaching a PMT to that portion of the Light Pipe which enters "La Cave," AWE personnel did not see, touch, operate or adjust the Light Pipe, or enter the target bay on August 6, 2008. | Glebov Aff., ¶¶ 13, 21-22 (Ex. D); Horsfield Dec., ¶¶ 7, 8; U of R's Response to Los Alamos National Security, LLC's Rule 36 Requests for Admission, No. 15 (Ex. E); U of R's Response to Third-Party Plaintiff AWE, PLC's First Set of Interrogatories, No. 8 (Ex. I); Responses and Objections of Defendant/Third-Party Plaintiff AWE, PLC to the First Set of Interrogatories of Plaintiff, No. 5, No. 6 (Ex. J). |
| 22. | AWE personnel did not direct or instruct Plaintiff in regards to the use, operation, adjustment, or pressurization of the Light Pipe on the Shot Day, or any other day on which AWE personnel have been at the LLE. | Glebov Aff., ¶¶ 21-22 (Ex. D); Morse Aff., ¶¶ 24-27 (Ex. G); Horsfield Dec., ¶¶ 6, 8, 10-11; U of R's Response to Third-Party Plaintiff AWE, PLC's First Set of Interrogatories, No. 3, No. 4 (Ex. I). |
| 23. | Any direction in regards to the use, operation, and/or adjustment to any part of the target bay is handled solely by LLE/U of R personnel--typically the Shot Director, or someone working under his direction and control. | Glebov Aff., ¶¶ 21-22 (Ex. D); Morse Aff., ¶¶ 24-25 (Ex. G); Horsfield Dec., ¶¶ 6, 8; U of R's Response to Third-Party Plaintiff AWE, PLC's First Set of Interrogatories, No. 3, No. 4 (Ex. I). |

5

Dated:    New York, New York
          November 13, 2012

                                       HOLLAND & KNIGHT LLP

                           By: /s/ Christine Tramontano
                               Christine Tramontano, Esq.
                               31 West 52nd Street
                               New York, New York 10019
                               (212) 513-3200
                               christine.tramontano@hklaw.com

                               Philip T. Evans, Esq.
                               (admitted *pro hac* vice)
                               800 17th Street, N.W. - Suite 100
                               Washington DC 20006
                               Phone 202-457-7043
                               philip.evans@hklaw.com

                               *Attorneys for Defendant, AWE, PLC*

#11775810_v1