UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SAMUEL M. ROBERTS,

           Plaintiff,

vs.

LOS ALAMOS NATIONAL SECURITY, LLC, AWE, PLC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY,

           Defendants,
           Third-Party Plaintiffs,

vs.

UNIVERSITY OF ROCHESTER

           Third-Party Defendant.

**AFFIDAVIT OF BERYL NUSBAUM, ESQ.**

**Civil No. 11 CV 6206L**

STATE OF NEW YORK  )
COUNTY OF MONROE  ) ss:

**Beryl Nusbaum,** being duly sworn, deposes and states:

1. That I am an attorney admitted to practice before the United States District Court for the Western District of New York and is a member of the firm of Woods Oviatt Gilman LLP, attorneys for the Defendant/Third-Party Plaintiff Los Alamos National Security, LLC ("LANL") and is familiar with the facts and circumstances of this case.

2. That I make this Affidavit in opposition to Plaintiff's motion pursuant to Federal Rule of Civil Procedure 37 requesting the Court to strike the Answer of the Defendant, Los Alamos National Security, LLC, granting Plaintiff judgment by default, and holding Los Alamos National Security in contempt of Court for allegedly willfully failing to comply with an Order of this Court. This Affidavit is based on my personal knowledge and investigation of the progression of the litigation of this case.

3. That on October 9, 2012, I received a letter from Louis Micca, dated October 8, 2012, in response to my letter of October 5th, which arrived when I was out of the office, saying that he intended to make a Motion for Contempt because of our alleged refusal to produce documents or to produce an affidavit from Los Alamos saying that there were no additional documents. The substance of his letter claims that we would refuse to produce responsive documents even though we admitted LANL's documents were accessible, and states in response to my request that he would not provide search terms to assist LANL in conducting further searches. A copy of this letter is attached as *Exhibit A*.

4. That after I reviewed Mr. Micca's letter, I asked him by email whether he received the additional documents that had been forwarded to him by our office and his answer was that he had received them but he interpreted our letter to say we wouldn't produce documents without search terms so he assumed that we were refusing to comply with a Court Order.

5. I then called Mr. Micca on the phone and the conversation went as follows: I advised him that I had his letter and asked him to provide us with search terms and said that if he would provide us with search terms for whatever he wanted we would search them. Mr. Micca said it wasn't his obligation to provide search terms he wasn't going to guess search terms; and that he was going to bring a Motion for Contempt of Court. I asked what he wanted and he said "everything." I said I can provide or ask the client to provide search terms but if we search and we don't come up with something you think we should have come up with you are only going to complain that we didn't do an appropriate search so it would be better if you provided us search terms and he said he wouldn't provide us search terms, it was not his responsibility, it was our responsibility. I told him it was appropriate for counsel to talk about and negotiate search terms for electronic discovery processes in Federal Court. He absolutely refused to discuss it,

{1646977: }2

repeating that he was going to ask the Court to strike LANL's Answer instead. I told him that I would talk to LANL about conducting our own additional searches. I told Mr. Micca we were not withholding documents and he said "not you" but then insisted that our client was withholding critical documents, but did not tell me the basis for this allegation.

6. That without any participation from Mr. Micca in advising what search terms he wanted, but his insistence that he wants "everything" that he claims is being withheld without specification it is virtually impossible for LANL to identify what additional materials he wants for discovery.

7. That LANL has produced documents that were identified as responsive, and has continued to supplement disclosure in good faith. That LANL has in all respects cooperated with counsel in good faith.

8. That Plaintiff's counsel has presented no evidence of any willful violation of a Court Order, has not alleged any prejudice he claims to have suffered and has provided no basis whatsoever for the extreme sanctions sought.

9. That the undersigned respectfully submits that Plaintiff's motion should be in all respects denied.

_____
Beryl Nusbaum, Esq.

Sworn to before me this
17 day of November, 2012.

_____
Notary Public

JENNIFER K. MELDRUM
Notary Public, State of New York
Qualified in Monroe County
No. 02ME6264871
Commission Expires July 02, 2016

{1646977: }3

# EXHIBIT A



# Louis J. Micca, Esq.

11 State Street
Pittsford, New York 14534
Phone: (585) 899-6031
Fax: (585) 383-6357
Email: lmicca@msn.com

October 8, 2012

Beryl Nusbaum, Esq.
Woods Oviatt Gilman LLP
700 Crossroads Building
2 State Street
Rochester, NY 14614

RE: Roberts v. Los Alamos National Security, LLC. et al.

Dear Beryl,

I am in receipt of your letter of October 5th in connection with Los Alamos' failure to produce documents responsive to Plaintiff's various demands. Despite the Court's clear Order granting Plaintiff's motions to compel discovery, you have indicated that Los Alamos will **not** produce additional responsive document even though Los Alamos admits that such documents are reasonably accessible.

Plaintiff is under no obligation to provide Los Alamos with search terms to conduct its own good faith review of its reasonably accessible documents so as to diligently identify and produce additional documents responsive to Plaintiff's various demands.

I am disappointed that Los Alamos refuses to comply with FRCP 34 or the Court's Order. Los Alamos leaves Plaintiff with no choice but to move the court for an appropriate Order holding Los Alamos in contempt.

Very Truly Yours,

*[signature]*

Louis J. Micca


Cc: Hon. Jonathan W. Feldman
    All Counsel (via email)
    Mr. Samuel Roberts