UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SAMUEL M. ROBERTS,

        Plaintiff,

vs.

LOS ALAMOS NATIONAL SECURITY, LLC, AWE, PLC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY,

        Defendants,
        Third-Party Plaintiffs,

vs.

UNIVERSITY OF ROCHESTER

        Third-Party Defendant.

**AFFIDAVIT OF CHRISTINE CHANDLER, ESQ.**

**Index No.: 11 CV 6206L**

STATE OF NEW MEXICO  )
COUNTY OF LOS ALAMOS): ss

    **CHRISTINE CHANDLER, ESQ.**, being duly sworn, deposes and states as follows:

1. I am an attorney employed by the Office of the Laboratory Counsel for Los Alamos National Security, LLC, one of the named Defendants in this case. I make this declaration in opposition to Plaintiff's motion pursuant to Federal Rule of Civil Procedure 37 requesting the Court to issue sanctions to strike the Answer of Los Alamos National Security, LLC ("LANL"), requesting the Court to issue a default judgment against LANL and requesting an Order of Contempt of Court claiming that LANL is guilty of "willfully failing to comply with an Order of this Court." Micca Dec. Dkt. 65 ¶ 1.

2. I have been the in-house counsel attorney of LANL involved in this litigation since receiving notice of the lawsuit filed in this matter. I am familiar with LANL's efforts to comply with discovery requests and directives of this Court.

3. LANL has fully cooperated with its own litigation counsel, Woods Oviatt Gilman LLP, as well as with all proceedings in this matter without any "willful failure to comply" with either Orders of this Court or good faith discovery processes.

4. Plaintiff's counsel has repeatedly stated that LANL has "refused to produce additional responsive documents" and that "LANL has persisted in its refusal to produce" materials. See Dkt. 65-1 ¶¶ 7 and 10. This allegation is false. LANL informed its counsel that it was very willing to conduct electronic searches to uncover responsive data. Consistent with the federal rules, we prefer to work collaboratively with Plaintiff's counsel in developing search terms; however, absent Plaintiff's participation, we initiated electronic searches based on our best assessment of viable search terms.

5. Addressing Plaintiff's position on discovery issues has been particularly challenging in this case for a number of reasons, including the fact that Plaintiff declined to provide search terms when requested by local counsel.

6. As an initial matter, the scientific documents generated by LANL scientists in connection with experimental physics projects and nuclear fusion campaigns are generally highly technical in nature. Evaluating whether the subject matter of a particular scientific document or report is relevant to legal discovery requests in a specific lawsuit is necessarily more complicated as a result. In addition, many terms which have been used in this case, including such terms as "light pipe" and "DT" are terms that are not unique to the particular experiments that were being conducted on the date of Plaintiff's accident, which is the subject of the discovery request, but

often relate to other experiments conducted on other dates and at other locations. As a consequence, reliance on these terms to conduct electronic searches has resulted in volumes of information much of which is unrelated to the Los Alamos experiment identified in Plaintiff's discovery request.

7. Second, LANL did not anticipate that it would be involved in any litigation arising from Plaintiff's accident, because although personnel from LANL were aware of the happening of the accident, the Plaintiff was not employed by LANL, was not working on any projects for LANL, was not an agent or subcontractor of LANL, was not working on a property operated or controlled by LANL, was not supervised by any LANL individuals, and was not working with any LANL equipment. LANL's reasonable expectation was that it did not have a significant amount of documentation relating to the accident at issue in the case.

8. I understand from correspondence and motion papers that the Plaintiff's counsel is relying on a theory that LANL personnel had more involvement in the circumstances leading up to the accident than any evidence or witness has offered. As a result, Plaintiff's counsel insists that there must be additional relevant documents that LANL is withholding.

9. I and retained counsel are continuing to conduct reviews of electronic material obtained through electronic discovery techniques and we are continuing to look for additional document custodians who might have any responsive material.

_____
CHRISTINE CHANDLER, ESQ.

Sworn to before me this 19th day of November, 2012

_____
Notary Public

My Commission Expires: Sept 16, 2013

{1645599: }

3