UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SAMUEL M. ROBERTS,

        Plaintiff,

-vs-

LOS ALAMOS NATIONAL SECURITY, LLC,
AWE, PLC, and
MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,

        Defendants,
        Third-Party Plaintiffs,

-vs-

UNIVERSITY OF ROCHESTER,

        Third-Party Defendant.

**UNIVERSITY OF ROCHESTER'S RESPONSE TO SAMUEL M. ROBERTS' RULE 36 REQUEST FOR ADMISSION (FOURTH)**

Civil Case No.: 11-cv-6206(L)

---

Third-Party Defendant, University of Rochester ("UR"), by its attorneys, Ward Greenberg Heller & Reidy, LLP, responds to Plaintiff Samuel M. Roberts' Rule 36 Request for Admission (Fourth), as follows:

**REQUEST FOR ADMISSION NO. 1:** The University of Rochester conducted an investigation of the incident occurring at the University of Rochester Laboratory for Laser Energetics ("LLE") on August 6, 2008 that resulted in Plaintiff's injuries.

**RESPONSE:** UR objects to this Request on the ground that it fails to define the term "investigation." Without waiving its objection, UR denies the Request as stated but admits that it conducted an investigation of Plaintiff's accident to the extent set forth in LLE procedures within the LFORM, resulting in preparation of a document, a copy of which is attached as Exhibit A to Plaintiff's Request for Admission (Fourth).

**REQUEST FOR ADMISSION NO. 2:** The investigation referred to in Demand 1 was required by the rules and regulations in effect at the LLE as of August 6, 2008.

**RESPONSE:** UR objects to this Request on the ground that it fails to define the terms "investigation" and "required." Without waiving its objection, UR denies the Request as stated, but admits that the investigation of the incident documented in Exhibit A to Plaintiff's Request for Admission (Fourth) was conducted per the protocols set forth in the LFORM.

**REQUEST FOR ADMISSION NO. 3:** As a result of the investigation referred to in Demand 1, a Preliminary LLE Incident Report was prepared. A copy of said Preliminary LLE Incident Report is annexed hereto as Exhibit A.

**RESPONSE:** UR objects to this Request on the ground that it fails to define the term "investigation." Without waiving this objection, UR admits that it prepared the document marked as Exhibit A in accordance with the protocols set forth in the LFORM. UR further states that the document marked as Exhibit A is the final version of LLE Incident Report Number 125.

**REQUEST FOR ADMISSION NO. 4:** The person investigating the incident referred to above was Samuel Morse.

**RESPONSE:** UR objects to this Request on the ground that it fails to define the term "investigating." Without waiving this objection, however, UR admits that the document marked as Exhibit A lists Samuel Morse as the person investigating the action.

**REQUEST FOR ADMISSION NO. 5:** The Preliminary LLE Incident Report referred to above was reviewed by Keith Thorp, the Laser Facility Manager, Samuel Morse, the Laser Facility Director and Steven J. Loucks, the Associate Director for Operations.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 6:** The Preliminary LLE Incident Report referred to above was approved by Robert L. McCrory, the Laboratory Director.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 7:** Annexed hereto marked Exhibit A is a true and correct copy of the Preliminary LLE Incident Report referred to above.

**RESPONSE:** Admitted.

Dated: April 25, 2012

                            WARD GREENBERG HELLER & REIDY LLP

                            By: _____
                                        Eric J. Ward

                            *Attorneys for Third-Party Defendant,*
                                *University of Rochester*
                            300 State Street
                            Rochester, New York 14614
                            Tel.: (585) 454-0714
                            Fax: (585) 231-1921
                            eward@wardgreenberg.com