UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SAMUEL M. ROBERTS,

                              Plaintiff,

        -vs.-

                                                          **Civil No. 11 CV 6206L**

LOS ALAMOS NATIONAL SECURITY, LLC.,
AWE, PLC., MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,

                              Defendants,
                     Third-Party Plaintiffs,


        -vs.-

UNIVERSITY OF ROCHESTER

                     Third-Party Defendant.
_____

**DELARATION OF LOUIS J. MICCA IN REPLY TO THE RESPONSE OF LOS
ALAMOS TO PLAINTIFF'S MOTION TO STRIKE LOS ALAMOS' ANSWER**


        Louis J. Micca, pursuant to 28 USC § 1746, declares under penalty of perjury that the

foregoing is true and correct:

        1.      I am an attorney duly admitted to practice before this Court and am the attorney

for the Plaintiff, Samuel M. Roberts.

        2.      I make this declaration in reply to the response of Los Alamos National Security,

LLC ("Los Alamos") to Plaintiff's motion to strike Los Alamos' Answer.

        3.      Los Alamos is in contempt of court by reason of (a) its violation of Order of

Magistrate Judge Feldman dated August 8, 2012, and (b) its intentional and repetitive abuse of

the discovery process.

## LOS ALAMOS' VIOLATION OF
## THE COURT'S ORDER

4.      Plaintiff moved for an order compelling responses to his Requests for Admission and his Demands for the Production of Documents on May 10, 2012.  Magistrate Judge Feldman granted Plaintiff's motion in its entirety.  Dkt. 44 and 53.

5.      With respect to Plaintiff's Requests for Admission numbered 7-18, the Court directed Plaintiff to serve Los Alamos with amended requests to admit as agreed upon during the hearing and Los Alamos was ordered to admit or deny the amended requests.  Dkt. 53, ¶ 1.

6.      The amendments requested by the Court did not change the content of the admissions requested, but simply added references to the specific bates stamped pages of documents produced by the U of R and referred to by Plaintiff in his Requests for Admissions.  See Micca Decl. Exhibit A.

7.      Plaintiff served his Amended Requests for Admissions numbered 7-18 the following day, August 9, 2012, including Request numbered 9 which stated:

> "As of August 6, 2008, the University of Rochester's Laser Facility Organization and Regulation Manual produced by the U of R at bates numbers UR 88 through UR 231, at section 4.1, required Principal Investigators to complete an OMEGA familiarization before conducting their first experiment."   See Micca Decl. Exhibit A.

8.      On September 5, 2012, Los Alamos responded to Plaintiff's Amended Requests for Admission numbered 9 stating:

> "Based upon information and belief from the discovery responses produced by the University of Rochester, admits that the full content of the referenced manual is contained within the manual and denies any summary or quotation of the contents inconsistent with the plain language of that manual or out of context of the whole."  See Micca Decl. Exhibit B.

9.      Los Alamos' response to Plaintiff's Amended Requests for Admission numbered 9 is neither an admission nor a denial and does not comply with the Court's Order.

## LOS ALAMOS' ABUSE OF THE DISCOVERY PROCESS

10.     The second decretal paragraph of Magistrate Judge Feldman's Order granted Plaintiff's motion to compel Los Alamos' responses to demands in paragraphs 1 and 2 of Plaintiff's First Demand for Production of Documents dated February 7, 2012.. Dkt. 53 ¶ 2.

11.     Magistrate Judge Feldman specifically noted in the Order:

"Counsel for Los Alamos explained that her client does not possess or is unable to locate relevant electronically stored documents.  The Court will construe this explanation as a claim that the relevant documents have not been produced because the data demanded has been destroyed or is not "reasonably accessible." *Id.*

12.     In reliance on counsel's representation, Magistrate Judge Feldman ordered Los Alamos to file an affidavit confirming that the data was not "reasonably accessible" in compliance with the requirements of Rule 26 (b) (2) (B).  *Id.*

13.     Los Alamos filed additional affidavits in response to the Order on September 5, 2012.  Importantly, Los Alamos acknowledged in these affidavits that *all* electronically stored documentation *is,* in fact, reasonably accessible.  Dkt. 59-1 and 59-2.

14.     The affidavits filed by Los Alamos are entirely inconsistent with counsel's representations to Magistrate Judge Feldman that Los Alamos "does not possess or is unable to locate relevant electronically stored documents".

15.     Plaintiff's First Demand for Production of Documents is dated February 5, 2012, nearly 10 months ago.  Los Alamos' initial Response did not include a single document.  Instead, Los Alamos objected to each of Plaintiff's demands as unduly burdensome, an objection summarily rejected by Magistrate Judge Feldman at Plaintiff's motion to compel.  Similarly, Los Alamos' initial Response to Plaintiff's Requests for Admission stated that Los Alamos could not admit or deny *any* of Plaintiff's Requests.  See Kolcon Affd. Exhibit B, and Dkt. 44 Exhibit B.

16.     When I objected to Los Alamos' response in a good faith attempt to resolve the discovery dispute, I provided Los Alamos with a copy of an email of Dr. Herrmann specifically requesting use of the Light Pipe on the day of the accident that had been produced by another defendant but not by Los Alamos.[1]  In response, Los Alamos served a Supplemental Response dated May 4, 2012, (four months after Plaintiff's demands).  That Supplemental Response still did not include a copy of the missing Herrmann email.  See Kolcon Affd. Exhibit D.

17.     Following Los Alamos's filing of affidavits acknowledging that responsive documents were "reasonably accessible", I again wrote to Los Alamos' counsel advising counsel that Los Alamos had still not admitted or denied Plaintiff's Amended Request for Admission numbered 9 and failed to produce *any* additional documents responsive to Plaintiff's demands.  I advised Los Alamos that Plaintiff would file a motion for contempt if Los Alamos failed to fully comply with the Court's order by October 5, 2012, nearly two months after the date of the Court's order.  See Exhibit C to Plaintiff's motion to compel discovery at Dkt. 44.

18.     Los Alamos served its Second Supplemental Response dated October 5 2012, now including the missing Herrmann email (without a copy of an attachment) and including, for the first time, eyewitness statements from Dr. Herrmann and another Los Alamos employee present on the date of the accident.  Viewed in a light most favorable to the defendant, it took Los Alamos eight months to find Dr. Herrmann's email and the eyewitness statements of its own employees.

19.     Despite Plaintiff's motion to compel responses, Magistrate Judge Feldman's Order compelling Los Alamos' responses (dated August 8, 2012, nearly four months ago), and

---

[1] The email of Dr. Herrmann specifically requesting use of the Light Pipe on the date of the accident is a critical piece of evidence relied on by Plaintiff to support its motion for partial summary judgment against Los Alamos.

my good faith attempt to obtain complete document discovery, Los Alamos has still failed and refused to produce all responsive documents which it concedes are "reasonably accessible".

20.     Los Alamos has now prepared an extensive list of relevant electronic search terms (Exhibit H to Kolcon Affidavit) to be used to locate documents responsive to Plaintiff's demands.   Despite the extensive passage of time, and the existence of the Court's Order compelling production, Los Alamos has not produced documents identified through the use of these search terms and Ms. Kolcon states that Los Alamos "will continue to produce supplemental discovery as further documents are identified…" Kolcon Affd. ¶ 29.

21.     Dr. Herrmann also confirms that all responsive documents have not been produced stating "I am continuing to cooperate with LANL and LANL's counsel in complying with all requests in this litigation." Herrmann Affd. ¶ 30.   Senior counsel for Los Alamos, Christine Chandler, also states that "I and retained counsel are continuing to conduct reviews of electronic material obtained through electronic discovery techniques and we are continuing to look for additional document custodians who might have any responsive materials."   Chandler Affd. ¶ 9.

22.     Apparently, it is Los Alamos' position that, since the Court relied on the false statements of counsel that the documents were not "reasonably accessible" and therefore did not specify a time period in which to comply with the Order to compel production, Los Alamos is free to continue to delay production indefinitely.

23.     Worse still, Los Alamos has the temerity to move for summary judgment dismissing Plaintiff's Complaint and seeks a stay of discovery pending the multiple summary judgment motions while withholding responsive documents which it concedes are "reasonably accessible".   Apparently, Los Alamos' disregard for the discovery process knows no bounds.

24.     Plaintiff respectfully requests that this Court strike Los Alamos' Answer to Plaintiff's Complaint and enter judgment in favor of Plaintiff and against Los Alamos by reason of Los Alamos' failure to comply with Magistrate Judge Feldman's Order, and intentional and repeated abuse of the discovery process, together with the costs and attorney's fees incurred by Plaintiff in bringing its Motion to Compel and bringing this Motion to Strike as well as sanctions as to the Court seem reasonable and appropriate.

DATED:        Pittsford, New York
              November 27,  2012

                              _____s/Louis J. Micca_____
                              Louis J. Micca, Esq.
                              *Attorney for Plaintiff Samuel M. Roberts*
                              11 State Street
                              Pittsford, NY 14534
                              Telephone:  (585) 899-6031
                              Facsimile:  (585) 383-6357
                              E-mail:  lmicca@msn.com