UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMUEL M. ROBERTS,<br><br>                Plaintiff,<br><br>vs.<br><br>LOS ALAMOS NATIONAL SECURITY, LLC, AWE, PLC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>                Defendants,<br>                Third-Party Plaintiffs,<br><br>vs.<br><br>UNIVERSITY OF ROCHESTER<br><br>                Third-Party Defendant. | **AFFIDAVIT IN RESPONSE TO THE DECLARATION OF LOUIS J. MICCA IN RESPONSE TO THE MOTION OF LOS ALAMOS' TO STRIKE PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS AND IN REPLY TO PLAINTIFF'S RESPONSE TO LOS ALAMOS STATEMENT OF UNDISPUTED MATERIAL FACTS**<br><br>Civil No. 11 CV 6206L |

STATE OF NEW YORK  )
COUNTY OF MONROE  ) ss:

**Beryl Nusbaum,** being duly sworn, deposes and states:

    1.    That he is an attorney admitted to practice before the United States District Court for the Western District of New York and is a member of the firm of Woods Oviatt Gilman LLP, attorneys for the Defendant/Third-Party Plaintiff Los Alamos National Security, LLC ("LANL") and is familiar with the facts and circumstances of this case.

    2.    That this Affidavit is submitted in reply to the Declaration of Plaintiff's counsel, Louis J. Micca, which was submitted in opposition to LANL's Motion to Strike Plaintiff's Statement of Undisputed Material Facts and his response to LANL's Statement of Undisputed of Material Facts.

    3.    That LANL's Motion to Strike Plaintiff's Statement of Material Facts was based on three (3) principles:

A. Plaintiff's entire Statement of Undisputed Material Facts was based on statements by Plaintiff's counsel and, more particularly, Plaintiff's counsel's interpretation of certain documents prepared by and proprietary to the University of Rochester ("U of R"), which interpretations were strongly disputed by the U of R;

B. That nobody with personal knowledge of anything related to the operation of the U of R, the design, assembly, operation, maintenance, repair, or control of the Light Pipe provided any support for Plaintiff's counsel's interpretation. Notably, Plaintiff himself, a ten (10) year employee of the Laboratory for Laser Energetics ("LLE") and the person who was in the Target Bay where the Light Pipe was located for the purpose of adjusting it provided no confirmation whatsoever of Plaintiff's counsel's interpretation of the U of R documents;

C. That all persons with personal knowledge, experience and responsibilities for the Light Pipe and including those who qualified the Light Pipe and were responsible for the operation, maintenance, repair, and control of the Light Pipe strongly disagreed with Plaintiff's counsel's personal claim that Dr. Hans Herrmann ("Dr. Herrmann") had any involvement in the operation of or responsibility for the Light Pipe.

4. That on a number of occasions Plaintiff's counsel's Statement of Undisputed Material Facts essentially inserted language into the U of R's Responses to Interrogatories and into its internal investigation of the accident, which it submitted as required to the Department of Energy, which insertions distorted the clear meaning of the U of R documents. For example, Plaintiff's counsel states in paragraph 12 of his responsive Declaration that Plaintiff's

Undisputed Fact 9 is supported by the U of R Preliminary Incident Report authored by Mr. Samuel F. B. Morse ("Mr. Morse") which confirms that the Light Pipe was not fully qualified by Dr. Herrmann. That statement and Dr. Herrmann's name appear nowhere in that report and Plaintiff's counsel, for whatever reason, inserts Dr. Herrmann's name and attributes that statement to the U of R. (Dkt. 73, Exhibit B) In fact, not only does that report make no such statement, Mr. Morse specifically stated in his Affidavits that Dr. Herrmann did absolutely nothing wrong, complied with his obligations, and had nothing to do with or responsibility for the qualification of the Light Pipe which was the responsibility of Dr. Vladimir Glebov. (Affidavits of Samuel F. B. Morse, Dkt. 69-1 ¶¶ 4, 6, 7, 8 and Dkt. 56-3 ¶¶ 26, 27) Plaintiff follows the same course of conduct in paragraph 15, in which he states that his Undisputed Fact 12 is supported by the U of R Preliminary Incident Report which he claims states "the desire of the PI [in this case Dr. Herrmann] to use the diagnostic, etc.". Dr. Herrmann's name appears nowhere in the Preliminary Incident Report, the U of R does not assign any responsibility to Dr. Herrmann and the insertion of this name is purely the creation of Plaintiff's counsel. (Dkt. 73, Exhibit B, ¶ 2)

5.  That separately, with respect to Plaintiff's Response to Los Alamos' Statement of Undisputed Material Facts, in addition to the fact that Plaintiff has not specified any basis for disputing each of the seven (7) statements in LANL's Statement of Undisputed Material Facts which he affirmatively disputes, Plaintiff's counsel has again included in his presentation language he adds in this case to the Affidavit of Dr. Colin Horsfield, which language is not in Dr. Horsfield's Affidavit. Here Plaintiff's counsel asserts that Dr. Horsfield has stated that AWE and Los Alamos had the right to install a new Photo-Multiplier Tube ("PMT") and "other equipment" on the Light Pipe in between shots. What Dr. Horsfield said in paragraph 7 of his Declaration (Dkt. 78, ¶¶ 7 and 8) is that he and others entered "La Cave" (the basement under the

area where the Light Pipe was located) to change the PMT to allow for data capture. He does not say anywhere in that statement that AWE and Los Alamos had the right to install "other equipment on the Light Pipe" in between shots. That language is Plaintiff's counsel's separate addition to Dr. Horsfield's statements. That, as set forth in other Affidavits, the PMT simply measures the results which the Light Pipe produces for review and it itself has absolutely nothing to do with the operation of the Light Pipe.

6. That your deponent submits that the issue in this case is whether or not there was any duty of care owed by any of the Defendants to the Plaintiff and there are no facts submitted by anyone with personal knowledge to support the existence of such a duty. Plaintiff, who clearly knows who Dr. Herrmann is and for whom Dr. Herrmann works, does not join in the motion papers submitted on his behalf or concur in the assertions made by his counsel concerning Dr. Herrmann.

**THEREFORE**, your deponent respectfully submits that any portion of Plaintiff's Statement of Undisputed Material Facts that is not supported by someone with actual knowledge be stricken.

Beryl Nusbaum, Esq.

Sworn to before me this
7th day of December, 2012.

Notary Public

Amy L. Blakley
Notary Public, State of New York
No. 01BL6170635
Qualified in Monroe County
Commission Expires July 9, 20 15

{1653336:2 }4

## CERTIFICATE OF SERVICE

I, BERYL NUSBAUM, ESQ., attorney of record for Defendant and Third-Party Plaintiff, Los Alamos National Security, LLC, in the above-styled and referenced matter, do hereby certify that on December 7, 2012, I caused to be electronically filed the annexed Defendant-Third Party Plaintiff's, Affidavit of Beryl Nusbaum, sworn to on the 7th day of December, 2012 in Response to the Declaration of Louis J. Micca in Response to Los Alamos' Motion to Strike Plaintiff's Statement of Facts and in Reply to Plaintiff's Response to Los Alamos' Statement of Facts, using the CM/ECF system which served on and sent notification of such filing to the following:

LOUIS J. MICCA, ESQ.
*Attorneys for Plaintiff, Samuel M. Roberts*
11 State Street
Pittsford, New York 14534
lmicca@msn.com
GEIGER and ROTHENBERG, LLP
David Rothenberg, Esq.,of counsel
*Attorneys for Defendant,*
*Massachusetts Institute of Technology*
45 Exchange Street, Suite 800
Rochester, New York 14614
drothenberg@geigroth.com

HOLLAND & KNIGHT LLP
Sean C. Sheely, Esq., of counsel
Christine Tramontano, Esq., of counsel
Philip T. Evans, Esq., of counsel
*Attorneys for Defendant, AWE, PLC*
31 West 52nd Street
New York, New York 10019
sean.sheely@hklaw.com
christine.tramontano@hklaw.com
philip.evans@hklaw.com

{1659010: }

        WARD GREENBERG HELLER & REIDY LLP
        Eric J. Ward, Esq., of counsel
        Heidi S. Martinez, Esq., of counsel
        William R. Leinen, Esq., of counsel
        *Attorneys for Third-Party Defendant,*
        *University of Rochester*
        300 State Street
        Rochester, New York 14614
        eward@wardgreenberg.com
        hmartinez@wardgreenberg.com
        wleinen@wardgreenberg.com

THIS, the 7th day of December, 2012.    WOODS OVIATT GILMAN LLP

                                                     By:   /s/: Beryl Nusbaum
                                                             Beryl Nusbaum, Esq.
                                                            Greta K. Kolcon, Esq.
                                                           *Attorneys for Defendant and Third-Party*
                                                               *Plaintiff, Los Alamos National Security*
                                                            700 Crossroads Building
                                                            2 State Street
                                                            Rochester, New York 14614
                                                           585.987.2800
                                                           bnusbaum@woodsoviatt.com
                                                           gkolcon@woodsoviatt.com