UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SAMUEL M. ROBERTS,

                Plaintiff,

vs.

LOS ALAMOS NATIONAL SECURITY, LLC, AWE, PLC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY,

                Defendants,
                Third-Party Plaintiffs,

vs.

UNIVERSITY OF ROCHESTER

                Third-Party Defendant.

**AFFIDAVIT OF GRETA K. KOLCON, ESQ. IN RESPONSE TO PLAINTIFF'S SUPPLEMENTAL SUBMISSION ON MOTION FOR CONTEMPT OF COURT AGAINST LOS ALAMOS**

**Civil No. 11 CV 6206L**

STATE OF NEW YORK  )
COUNTY OF MONROE  ) ss:

Greta K. Kolcon, Esq., being duly sworn, deposes and states:

1. I am a partner in the law firm of Woods Oviatt Gilman, LLP, attorneys for Defendant/Third-Party Plaintiff Los Alamos National Security, LLC, and I make this Affidavit based upon my personal knowledge and investigation and on behalf of Los Alamos in further opposition to Plaintiff's Motion to Strike the Answer of Los Alamos National Security, LLC, and in response to the supplemental submission of Plaintiff.

2. Los Alamos has not withheld any discovery, nor has it failed to comply with its discovery obligations in this case. Plaintiff's continual aggressive arguments notwithstanding, there is no legitimate basis for the pending motion against Los Alamos claiming contempt, and in fact, the supplemental submissions by Plaintiff which point out that Los Alamos did produce

supplemental discovery are completely inconsistent with Plaintiff's counsel's claims that Los Alamos is not participating in discovery in good faith.

3. Los Alamos timely asserted specific objections to Plaintiff's original discovery requests, which largely addressed the overly broad nature of many of the requests, as well as the fact that Plaintiff's requests sought many items that were outside the scope of Los Alamos' control. Some of the requests did not make sense in the context of the subject matter of this case. Ultimately, these issues were addressed through a discovery motion, and the resulting order directed certain further production (Document 53).

4. Following the issuance of the discovery Order, Los Alamos and Woods Oviatt have been working diligently to respond. As set forth in the original opposition to Plaintiff's Motion seeking sanctions against Los Alamos, as of the date of my prior Affidavit on this motion filed on November 19, 2012 (Document 81), Los Alamos was actively working through a process of trying to identify further materials which could be even tangentially related to Plaintiff's discovery requests, and I indicated that Los Alamos would continue to produce supplemental discovery as further documents were identified. (See Document 81, especially paragraphs 28-29).

5. Los Alamos used e-discovery software programs and retained an outside vendor to assist in facilitating a process for electronic document searches. Without any cooperation from Plaintiff's counsel in participating in this process, Los Alamos cast an extremely broad net. Despite Plaintiff's counsel's repeated demand that Plaintiff wanted "everything", I have also been cognizant of Magistrate Judge Feldman's instruction that Los Alamos could not simply produce raw data in response to electronic search terms, but that the materials had to be reviewed before production. Since Plaintiff's counsel was unwilling to participate in focusing the e-discovery process, despite the fact that Los Alamos offered to pay all expenses of the e-discovery

vendor, it was impossible to reach any agreement on how to exclude material that would be extraneous. In light of the conclusory, but extremely serious accusations of wrongdoing by Plaintiff's counsel, Los Alamos sought to produce materials that could even be tangentially related to this case or the events underlying it.

6. The complex e-discovery process included various test runs, software training sessions for Los Alamos and Woods Oviatt, and massive labor-intensive and time-consuming efforts to collect server data, image individual computer data, and manage the raw data entry. Frameworks had to be created for handling the data, and sample test runs had to be conducted.

7. Each piece of individual electronic data had to be reviewed by trained individuals from Los Alamos and Woods Oviatt, and then each item had to be coded, various duplication issues had to be addressed, as well as reviewed for attorney-client privileged material. Ultimately, Los Alamos's outside vendor was able to generate the results of this massive e-discovery effort, which was received by my office on January 7, 2013. However, the production was encrypted, and initially I could not access the final product or duplicate it for production. These technical issues were resolved, the duplication was able to be made, and I was able to have the supplemental production served on January 19, 2013, which, as Plaintiff's counsel has pointed out, was in excess of 10,000 pages.

8. This production was made in response to the direction of Magistrate Judge Feldman's Discovery Order (Document 53), to the discussions at judicial pretrial conferences, and to the many letters and discussions between my office and Plaintiff's counsel.

9. The materials produced on January 19, 2013 were produced during the ongoing period for fact discovery. In producing these materials, Los Alamos was working in good faith to fulfill its discovery obligations, and Los Alamos is continuing its internal investigation into whether any further materials exist that could be related to this case.

10. Los Alamos has not missed a single discovery deadline in this case, nor has Los Alamos failed to respond to any Order of this Court.

11. Los Alamos' continuing good faith participation in discovery, and efforts to supplement disclosure – all within the allotted time periods afforded by the Court - has been part of the usual discovery process. The only exceptions to the routine discovery process have been Plaintiff's counsel refusal to participate in good faith to discuss and stipulate to electronic search terms for forensic e-discovery, and the excessive discovery motions which appear to be wholly unnecessary.

12. Discovery has now been stayed, pending resolution of the various motions before the Court pursuant to an Order signed by the Hon. Jonathan W. Feldman on January 30, 2013 (Document 100).

13. Based upon the foregoing, the undersigned respectfully submits that all relief requested by Plaintiff's motion against Los Alamos for contempt be denied.

_____
Greta K. Kolcon, Esq.

Sworn to before me this
4th day of February, 2013.

_____
Notary Public

Amy L. Blakley
Notary Public, State of New York
No. 01BL6170635
Qualified in Monroe County
Commission Expires July 9, 2015

{1694337: }

Woods Oviatt Gilman LLP
700 Crossroads Building
2 State Street
Rochester, New York 14614