UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SAMUEL M. ROBERTS,

                Plaintiff,

vs.

LOS ALAMOS NATIONAL SECURITY, LLC, AWE, PLC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY,

                Defendants,
                Third-Party Plaintiffs,

**AFFIDAVIT OF
CHRISTINE CHANDLER, ESQ.**

**Index No.: 11 CV 6206L**

vs.

UNIVERSITY OF ROCHESTER

                Third-Party Defendant.

STATE OF NEW MEXICO)
COUNTY OF LOS ALAMOS): ss

      **CHRISTINE CHANDLER, ESQ.** being duly sworn, deposes and states as follows:

      1.     I am an attorney employed by the Office of the Laboratory Counsel for Los Alamos National Security, LLC, one of the named Defendants in this case. I make this Affidavit based upon my personal knowledge and investigation on behalf of Los Alamos in further opposition to Plaintiff's Motion to Strike the Answer of Los Alamos National Security, LLC.

      2.     I have reviewed the declaration of Louis J. Micca dated January 29, 2013.

      3.     Mr. Micca references an interoffice email exchange in paragraphs 8 and 9 of his declaration, and suggests that this email exchange was a "withheld document" and further makes a number of characterizations which are not entirely accurate.

4. Initially, Mr. Micca selected a limited portion of an email exchange between two Los Alamos senior managers, but failed to provide the entire email exchange so that the comments made in the email could be considered in context. A fully copy of the email exchange located on the computers of these two senior managers is attached to this Affidavit as *Exhibit A*.

5. This exchange reflects an initial discussion between two senior managers who had just received notice of this lawsuit having been filed against Los Alamos. Neither of these individuals had any personal knowledge regarding the events leading up to the lawsuit, nor were they personally involved in any of the facts and circumstances underlying this litigation.

6. Mr. Micca fails to note that the experiments that were conducted at the University of Rochester on the day of Plaintiff's injuries were conducted several years prior to the time the lawsuit was filed. The email exchange between Dr. Wallace and Dr. Seestrom took place on March 14, 2011, and the first comment of this email, which Plaintiff's counsel omitted from his excerpt presented to the Court, was the speculation exchanged between these two senior managers that the lawsuit was "bogus".

7. Terry C. Wallace, Jr. served as the Principal Associate Director of Science Technology and Engineering in 2011 when these emails were exchanged. In his role as Principal Associate Director, he was responsible for approximately five Directorates (including Dr. Seestrom's Directorate) and five program offices. Approximately 3,500 employees and contractors were in his organizations. There were three levels of management between him and the employees who were performing experiments at the University of Rochester on the day of the accident in August 2008. He was not involved in the DT Ratio Experimental Campaign and he had little knowledge of the events that occurred some three years earlier. He was notified of this lawsuit in 2011 in his role as a senior manager.

8. Similarly, Susan J. Seestrom, the Associate Director for Experimental Physical Sciences, is also a senior manager. Dr. Seestrom's responsibilities include managing a large scientific research Directorate that focuses on materials science and experimental physics. Four divisions report to Dr. Seestrom. Approximately 800 employees and contractors are assigned to Dr. Seestrom's organization. There are two layers of management between Dr. Seestrom and the employees who were engaged in the DT Ratio Experimental Campaign at the University of Rochester.

9. Like Dr. Wallace, Dr. Seestrom has no personal knowledge or direct involvement in the DT Ratio Experimental Campaign or the circumstances giving rise to this lawsuit.

10. These two senior managers had oversight and managerial responsibility over the division in which Los Alamos employees and staff who were at the University of Rochester on the day of the accident were employed. While they understand that the Los Alamos staff conducts experiments at various facilities, including the University of Rochester, they do not have detailed knowledge of those experiments, or the differing roles of facility users and the facility operator.

11. They do generally understand that the LLE is a DOE user facility operated by the University of Rochester but they do not know what the division of labor or responsibility is at the facility.

12. The emails at issue were sent after they learned of the lawsuit from press accounts. Dr. Wallace sent the email to Dr. Seestrom because he was surprised to learn of the lawsuit because he understood that Los Alamos staff did not have control or authority over the facility. He was trying to get information to clarify his understanding of Los Alamos' role.

13. Los Alamos did not improperly "withhold" this email exchange. Los Alamos had initially objected to Plaintiff's discovery on a number of grounds. However, after the Magistrate issued an Order compelling additional production in response to Plaintiff's discovery, Los Alamos complied by completing an expansive and thorough search for all documents that even remotely related to the August 2008 DT Ratio experiment and/or the accident.

14. This search included imaging the computer drives of anyone who could conceivably have information. Los Alamos employed an E-Discovery vendor to assist in sorting through the data relying on research terms designed to cast a wide net.

15. This email exchange contains mostly speculation and supposition, and which, is extremely tangential to developing an understanding of facts that bear on this case.

16. To my knowledge, Los Alamos has not missed any discovery deadlines and, in producing additional documents, Los Alamos is complying with the Magistrate's discovery Order.

*Christine Chandler*
CHRISTINE CHANDLER, ESQ.

Sworn to before me this 1st
day of February, 2013.

*Dannette J. Jaramillo*
Notary Public

My Commission Expires: 9/11/13



OFFICIAL SEAL
Dannette J. Jaramillo
NOTARY PUBLIC
STATE OF NEW MEXICO
My commission expires: 9-11-13

{1691336:2}

4

**EXHIBIT A**

Fulton, Robert D

**From:** Seestrom, Susan J
**Sent:** Monday, March 14, 2011 3:46 PM
**To:** Terry C. Wallace, Jr.
**Subject:** Re:

I am not sure we ever said we were not involved in the experiment. I think we probably said we were not involved in the specific diagnostic, which was a Livermore one. But I could be wrong. I certainly was not aware that a LANL person was co-PI of the experiment that used the diagnostic. We would not be on site if we were not involved in an experiment. There was a co-PI – not sure who.

I would say we have been honest, but maybe not either complete or clear.
I would say we probably relied on LLE for review of the safety aspects of the overall experiment and this diagnostic specifically.
I think the LLNL work on the diagnostic was shoddy and propbably led to the event.
Finally – I would like to think we ought to have a role in making sure these things are done right if we are PI – and we did not.

S


On 3/14/11 2:32 PM, "Terry C. Wallace, Jr." <wallace.terrycjr@gmail.com> wrote:

I saw the explanation for the suit -- not too cool. I am assuming (a) the suit is totally bogus, and (b) we have not been honest about the lanl involvement in the experiment. Was it really a joint experiment? The report in all past communications state that lanl was on site, but not part of the experiment. If we were part of the experiment we better be much more forth coming than we have been. I don't doubt that no one from lanl did anything wrong, but if we are co-directing, then we better have taken that responsiblity on.

t.


Susan J. Seestrom, Ph.D.
Associate Director for Experimental Physical Sciences
Los Alamos National Laboratory
Mail Stop A106
Los Alamos, NM 87544
(505) 665-4454 FAX (505) 665-1293

1

LANS00000445

**Fulton, Robert D**

| | |
|---|---|
| From: | Seestrom, Susan J [seestrom@lanl.gov] |
| Sent: | Wednesday, March 09, 2011 3:13 PM |
| To: | Wallace, Terry C Jr |
| Cc: | Doug Fulton (dfulton@lanl.gov) |
| Subject: | RE: Media Query - Rochester NY Democrat |

This specific suit I am unsure about - have not heard.

There was a serious accident at Omega a couple years ago. My recollection is the piece of equipment that fell and hit a guy , very seriously injuring him, was a LLNL developed device and we were more or less by standers - working in the area, but on other stuff. Our guy was one of the first on the scene and my understanding administered CPR that actually saved the injured person.

Fultion can probably tell us more...

Susan
-----
Susan J. Seestrom, Ph. D.
Associate Director
Experimental Physical Sciences
MS A106
Los Alamos National Laboratory
Los Alamos, NM 87545
(505)665-4454;

---

From: Wallace, Terry C Jr
Sent: Wednesday, March 09, 2011 2:36 PM
To: Seestrom, Susan J
Subject: Fw: Media Query - Rochester NY Democrat

What do you know about this?
Terry Wallace
Principal Associate Director
Science, Technology and Engineering

----- Original Message -----
From: owner-media_queries_standard@maillist.lanl.gov <owner-media_queries_standard@maillist.lanl.gov>
To: S List <media_queries_standard@maillist.lanl.gov>
Sent: Wed Mar 09 14:27:24 2011
Subject: Media Query - Rochester NY Democrat

Who: Steve Orr, Rochester Democrat
What: Lawsuit filed in NY state court
When: Deadline tomorrow

Background: Orr reports that a lawsuit was recently filed in NY state court naming a former LANL employee and LANS, LLC as defendants in a case involving a workplace accident at the University of Rochester in August of 2008. Orr is seeking any reaction or comment.

Response: It is not generally our practice to comment on pending litigation, in this case we have not yet seen the lawsuit, and so could not speak to the allegations even if it were appropriate.

1

LANS00000446

Contact: Kevin Roark
Coordination: LANL LC
Elapsed Time: 30 minutes

2

LANS00000447