UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SAMUEL M. ROBERTS,

           Plaintiff,

vs.

LOS ALAMOS NATIONAL SECURITY, LLC, AWE, PLC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY,

           Defendants,
           Third-Party Plaintiffs,

vs.

UNIVERSITY OF ROCHESTER

           Third-Party Defendant.

**SUPPLEMENTAL AFFIDAVIT OF HANS W. HERRMANN**

Index No.: 11 CV 6206L

STATE OF NEW MEXICO)
COUNTY OF LOS ALAMOS): ss

**HANS W. HERRMANN** being duly sworn, deposes and states as follows:

1.    I am employed by Los Alamos National Security, LLC, one of the named Defendants in this case. I make this Supplemental Affidavit based upon my own personal knowledge in further opposition to Plaintiff's Motion to Strike the Answer of Los Alamos National Security, LLC.

2.    I have reviewed the declaration of Louis J. Micca dated January 29, 2013. There is no discrepancy between my prior affidavit submitted to this Court, and the excerpts of emails that Plaintiff's counsel discusses, and specifically, no discrepancies with the emails attached to Mr. Micca's Declaration as Exhibit 30. That set of communications demonstrates that Dr. Glebov, of the University of Rochester, was the person responsible for making final

determinations on all Light Pipe configurations at the University of Rochester's LLE. As a principal investigator, I certainly felt that I should have control over diagnostic configuration *requests* in order to improve the probability of a successful mission completion, but that does not mean I had control over facility operations. Naturally, I also needed to tactfully consider the desires and concerns of my colleagues from other institutions.

3. My email correspondence facilitates the request by Dr. Colin Horsfield of AWE to make certain experimental measurements during this particular shot day, and I forwarded Dr. Horsfield's requests to Dr. Glebov. Dr. Glebov indicated that he had plans that apparently conflicted with Dr. Horsfield's, and Dr. Glebov made it clear that he would facilitate a discussion prior to the experiments and would try to affect a compromise between the interests of the LLE, AWE and LANL.

4. My prior affidavit notes that I "could [not] exercise any direction or control over LLE…". In essence, that means I could not directly order them to do anything because I had no direct authority over them. This is substantiated by the Morse Affidavit at paragraph 26, that "none of the defendants had the right or authority to operate or direct the operation of any aspect of the Omega Facility at any time." I could make requests, with the SRF being the formal means of making these requests. How LLE met these requests, if they so chose, in terms of what actually needed to be accomplished and who would do the work was up to them. Only they would know what was possible to be accomplished in a safe manner and who was qualified to carry out any specific task within their facility.

5. I respectfully submit that this email exchange further confirms the relationship between the outside external scientists and the absolute control wielded by the University of Rochester over its own lab facility at the LLE and everything that went on in it.

{1691366:2 }

_____
HANS W. HERRMANN

Subscribed, sworn to, and acknowledged before me this 1st day of February, 2013 by Hans W. Herrmann.

_____
Lola E. Sandoval
Notary Public

My Commission Expires:

December 24, 2013

{1691366:2}

3