UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SAMUEL M. ROBERTS,

        Plaintiff,
v.

LOS ALAMOS NATIONAL SECURITY, LLC,
et al.,

        Defendants.

DECISION & ORDER
11-CV-6206

## PRELIMINARY STATEMENT

In his Amended Complaint, plaintiff Samuel Roberts ("plaintiff") seeks damages from defendant Los Alamos National Security, LLC ("Los Alamos") for injuries he sustained while working on an experiment conducted by the Laboratory for Laser Energetics at the University of Rochester ("U of R").[1] See Docket # 8 at ¶¶ 15, 17, 26-29. On August 6, 2008, the support structure of a High Yield Neutron Temporal Diagnostic ("HYNTD" or "Light Pipe") detached and fell on plaintiff. Id. Plaintiff suffered a number of injuries, including a spinal fracture that rendered him a quadriplegic, the loss of an eye, multiple facial bone fractures, and disfiguring facial scarring. Id. at ¶ 29. Plaintiff alleges that Los Alamos acted negligently by failing to ensure a safe working environment; failing to take reasonable precautions to secure the Light Pipe and its support structure;

---

[1] On August 1, 2011, Los Alamos filed a third-party complaint against U of R. See Docket # 25.

and failing to ensure that the equipment used during the experiment was properly designed, constructed, and/or maintained for safe operation. Id. at ¶¶ 26-28.

Pending before the Court is Los Alamos' motion to strike, the affidavit of plaintiff's expert, C.J. Abraham ("Abraham"). See Docket # 140. The Court, having reviewed the papers submitted and hearing arguments from counsel, now renders its decision. For the reasons that follow, defendant's motion to strike, Docket # 140, is **granted in part and denied in part.**

## RELEVANT FACTUAL BACKGROUND

On December 23, 2015, the Court issued an Amended Scheduling Order requiring plaintiff to submit expert disclosures by January 31, 2016 and defendants to submit expert disclosures by April 30, 2016. See Docket # 136. After Los Alamos served its expert designations, the Court received a flurry of letters from the parties regarding plaintiff's interest in designating an expert to rebut two of Los Alamos' experts – R. Paul Drake ("Drake") and Cris W. Barnes ("Barnes") – who provided reports on the industry standards for safety and operation protocols for users of laboratories funded by the Department of Energy. The Court issued an Order providing plaintiff's counsel a thirty-day window to disclose rebuttal expert reports limited to the two liability experts he

2

identified in his correspondence and allowing Los Alamos to designate and serve further expert reports no later than thirty days after receipt of plaintiff's designation. See Docket # 137. In its Order, the Court made clear that any expert reports disclosed by plaintiff were to be "limited to the rebuttal of opinions expressed by the two [Los Alamos] liability experts" plaintiff identified. Id. (emphasis in original). Thereafter, plaintiff served Abraham's expert rebuttal report and, on June 17, 2016, Los Alamos filed the instant motion alleging that plaintiff violated this Court's Order. See Docket # 140.

## DISCUSSION

Los Alamos' argument is twofold. First, Los Alamos contends that Abraham's report is an improper rebuttal report under Rule 26 of the Federal Rules of Civil Procedure. Abraham's report, Los Alamos argues, briefly touches on the expert reports served by Los Alamos and then expounds several novel, inapplicable affirmative theories of liability. See Docket # 140-2 at 4-9. Second, Los Alamos argues that Abraham's report directly violates this Court's Order, Docket # 137, which provided plaintiff an opportunity to rebut only two of Los Alamos' experts - Drake and Barnes. See Docket # 140-2 at 6-8. As Los Alamos asserts and plaintiff concedes, Abraham's report rebuts three experts - Drake, Barnes, and Roger Shrouf

3

("Shrouf"). Id.; see also Docket # 142-3 at 13-14. Because Abraham's report will prejudicially extend discovery, Los Alamos asserts that it should be precluded under Rule 37 of the Federal Rules of Civil Procedure. Docket # 140-2 at 9.

In response, plaintiff argues that Abraham's report complies with the Federal Rules of Civil Procedure's requirements for rebuttal reports because it "directly discusses the subject matter and specific issues raised by [Los Alamos'] experts including the standards in the industry, the obligation to inspect, the obligation to comply with the U of R rules and each and every way in which [Los Alamos] violated the applicable standards in the industry and U of R rules." Docket # 142-3 at 8. Plaintiff also argues that when he requested to rebut two of Los Alamos' experts, he had not fully reviewed the third expert report provided by Shrouf, which, in his view, "parrot[s]" the information contained in the others. Id. at 14. Regardless, Plaintiff maintains that he never waived his right to designate an expert to rebut Shrouf and, accordingly, contends that this Court should find Abraham's report proper. Id. at 14-15.

The Court's decision here is guided by the Federal Rules of Civil Procedure, which allow rebuttal evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party . . . ." Fed. R. Civ. P. 26(a)(2)(D)(ii). This Court has "wide discretion over what

4

evidence may be presented on rebuttal," but, at base, "[t]he function of rebuttal evidence is to explain or rebut evidence offered by the other party." United States v. Casamento, 887 F.2d 1141, 1172 (2d Cir. 1989) (citing United States v. Neary, 733 F.2d 210, 220 (2d Cir. 1984)). While "[t]he scope of a rebuttal is limited to the same subject matter encompassed in the opposing party's expert reports, . . . district courts have been reluctant to narrowly construe the phrase 'same subject matter' beyond its plain language." Scott v. Chipotle Mexican Grill, Inc., 315 F.R.D. 33, 44 (S.D.N.Y. 2016) (quoting Allen v. Dairy Farmers of America, Inc., 2013 WL 211303, at *5 (D. Vt. Jan. 18, 2013)). Indeed, as the Northern District of New York held in TC Sys. Inc. v. Town of Colonie, New York, the "same subject matter" language simply requires that a rebuttal report address the same topic as the affirmative report, as opposed to the same topic and methodology the affirmative expert relied on.[2] 213 F. Supp. 2d 171, 180 (N.D.N.Y. 2002); see also Assoc. Elec. Gas Ins. Servs. v. Babcock & Wilcox Power Generation, Grp., Inc., 2013 WL 5771166, at *3 (D. Conn. Oct. 24, 2013) ("Although

---

[2] In TC Systems, the court declined to construe the term "same subject matter" to include restrictions not contained in the Federal Rules of Civil Procedure. In that case, plaintiff's expert used accounting principles to assess damages sustained by cities due to public rights-of-way while the defendant's rebuttal expert disputed plaintiff's expert's opinion by relying on engineering principles. This, the court found, was permissible. 213 F. Supp. 2d at 180.

5

[the rebuttal report] does offer new analysis and calculations, the Court finds that such were undertaken in an effort to rebut and/or contradict the theory posted by [the affirmative expert], and are therefore proper." (citation omitted)); Armstrong v. I-Behavior Inc., 2013 WL 2419794, at *3-4 (D. Colo. June 3, 2013) ("[T]he Court does not cabin the meaning of the 'same subject matter' to mean that a rebuttal witness must meet an affirmative expert report with the same methodology."); Allen, 2013 WL 211303, at *5 ("It is also acceptable for an expert to use new methodologies in a rebuttal for the purpose of rebutting or critiquing the opinions of Defendants' expert witness." (quotation and citation omitted)).

Based on the above, the Court finds that Abraham's report addresses the "same subject matter" as the reports of Drake and Barnes. The latter two reports, which profess to discuss the "industry standards and funding and operation protocols for user laboratories funded by the Department of Energy," provide generalized explanations of the standard for ensuring a safe working environment within a scientific user facility and how that standard can be applied to the facts of this case. See Docket # 140-1 at 88-91, 148-52. In turn, Abraham's report, which professes to "review and rebut" Los Alamos' expert reports, details Abraham's opinion on the industry standards for workplace safety and the obligations the parties had to ensure a

6

safe working environment, albeit with greater specificity. See Docket # 140-1 at 20-33. Whether the methodology used in Abraham's report is reliable - counsel for Los Alamos has made it clear that he thinks it is not, see Docket # 143 at 4-5 - is of no consequence here. Should Los Alamos believe that Abraham's report improperly relies on inapplicable theories of liability or irrelevant workplace regulations, counsel is free to move to strike the report before the trial judge pursuant to Rule 702 of the Federal Rules of Evidence. However, the question before this Court is a different one: namely, does Abraham's report encompass the "same subject matter" as Los Alamos' expert reports? I find that it does.

Notwithstanding the above discussion, the Court is troubled by one aspect of Abraham's report. Despite the Court's explicit instruction that plaintiff's expert rebuttal designation was limited to the two experts he identified in his correspondence to the Court - Drake and Barnes - Abraham's report rebuts three of Los Alamos' liability experts - Drake, Barnes, and Shrouf. To reiterate, after initially instructing plaintiff and Los Alamos to submit expert disclosures by January 31, 2016 and April 30, 2016, respectively, the Court amended the Scheduling Order at plaintiff's request to allow for the expedited service of an expert report to rebut only Drake's and Barnes' expert reports. Plaintiff has not followed this Court's Order - an

7

Order issued based on his specific request. Accordingly, insofar as Abraham's report is intended to rebut the expert report of Shrouf, Los Alamos' motion is granted.

## CONCLUSION

For the reasons stated, Los Alamos' motion to strike, Docket # 140, is **granted in part and denied in part**. Pursuant to the Court's Amended Scheduling Order, Docket # 137, defendant may designate and serve further expert reports in response to Abraham's report no later than thirty (30) days after the entry of this Order.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: August 19, 2016
       Rochester, New York